# United States District Court
# District of Massachusetts

| | |
|---|---|
| DOUGLAS C. GREER,<br>    PLAINTIFF,<br><br>v.<br><br>CITY OF SPRINGFIELD, JEFFREY M.<br>ASHER, JAMES F KERVICK, JAMES L.<br>SHEWCHUCK, JAMES M. MORIARTY,<br>JOHN DOES Nos. 1-4, JOHN DOE, No. 5,<br>and PAULA MEARA, CHIEF OF POLICE,<br>    DEFENDANTS. | CIVIL ACTION NO. 05-30001-MAP |

## ANSWER OF DEFENDANTS CITY OF SPRINGFIELD, and PAULA MEARA, CHIEF OF POLICE

Now come the Defendants, CITY OF SPRINGFIELD and PAULA MEARA, CHIEF OF POLICE, by their attorney, and answer each and every allegation contained in the Plaintiff's Complaint as follows:

### INTRODUCTION

1. The Defendants deny the allegations contained in paragraph 1 of the complaint.

### JURISDICTION AND VENUE

2. The Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. The Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. The Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. The Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. The Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. The Defendants admit the allegations contained in paragraph 7 of the Complaint to the

1

extent that Meara was the Chief of Police of the Springfield Police Department, but deny the balance of the allegations contained therein.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint that "Springfield is a municipal corporation located in Hampden County, Massachusetts; at all times relevant to this Complaint, Springfield was the public employer of Meara", the police defendants, and the supervisory officers", and Springfield is responsible for the proper functioning of the police department and for ensuring that all officers on the police department are properly supervised and trained" but deny the balance of the allegations contained therein.

## FACTUAL BACKGROUND

9. Defendants admit the allegations contained in paragraph 9 of the Complaint

10. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 10 of the Complaint, but admit the officers of the Springfield Police Department encountered the Plaintiff at the location stated in the vehicle described as stated.

11. Defendants lack sufficient knowledge to either admit or deny the allegations contained in paragraph 11 of the Complaint, but admit the officers of the Springfield Police Department responded to the location as a result of a call from an employee of the convenience store.

12. Defendants admit the allegations contained in paragraph 12 of the complaint that allege "several marked police cruisers" and several police officers eventually arrived at the location, including "the police defendants" who are named individual officers, but deny the balance of the allegations contained therein.

13. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 13 of the Complaint.

14. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 14 of the Complaint.

15. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 15 of the Complaint.

16. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 16 of the Complaint.

17. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 17 of the Complaint.

18. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 18 of the Complaint.

19. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 19 of the Complaint.

20. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 20 of the Complaint.

21. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 21 of the Complaint.

22. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 22 of the Complaint.

23. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 23 of the Complaint.

24. The Defendants lack sufficient information to either admit or deny the allegations

contained in paragraph 24 of the Complaint.

25. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 25 of the Complaint.

26. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 26 of the Complaint.

27. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 27 of the Complaint.

28. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 28 of the Complaint.

29. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 29 of the Complaint.

30. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 30 of the Complaint.

31. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 31 of the Complaint.

32. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 32 of the Complaint.

33. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 33 of the Complaint.

34. The Defendants admits that each officer at the scene had a duty to act to enforce the law but lack sufficient information to either admit or deny the balance of allegations contained in paragraph 34 of the Complaint.

35. The Defendants admit that the officers had a duty to provide reasonable and necessary

medical attention, but lack sufficient information to either admit or deny the allegations contained in paragraph 35 of the Complaint.

36. The Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 36 of the Complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. The Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. The Defendants deny the allegations contained in paragraph 39 of the Complaint.

40. The Defendants admit that defendant Asher had been suspended in the past, but deny the balance of the allegations contained in paragraph 40 of the Complaint.

41. The Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. The Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. The Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. The Defendants deny the allegations contained in paragraph 44 of the Complaint.

**COUNT I**
**42 U.S.C. § 1983**

**v. Asher, Kervick, Shewchuck, Moriarty,**
**John Does Nos. 1-4, and John Doe No. 5.**

45. The Defendants City and Meara repeat and reallege each and every response to the allegations contained in paragraphs 1 through 44 of the complaint as if set forth herein.

46. The Defendants are not required to respond to the allegations contained in paragraph 46 of the Complaint as the allegations are not directed at Defendants.

47. The Defendants are not required to respond to the allegations contained in paragraph 47 of the Complaint as the allegations are not directed at Defendants.

48. The Defendants are not required to respond to the allegations contained in paragraph 48

of the Complaint as the allegation are not directed at Defendants

49. The Defendants are not required to respond to the allegations contained in paragraph 49 of the Complaint are not directed at Defendants.

## COUNT II

### G.L. c. 12, §§ 11H and 11I
### v. Asher, Kervick, Shewchuck, Moriarty,
### John Does Nos. 1-4, and John Doe No. 5.

50. The Defendants City and Meara repeat and reallege each and every response to the allegations contained in paragraphs 1 through 49 of the complaint as if set forth herein.

51. The Defendants are not required to respond to the allegations contained in paragraph 51 of the Complaint are not directed at Defendants.

52. The Defendants are not required to respond to the allegations contained in paragraph 52 of the Complaint are not directed at Defendants.

53. The Defendants are not required to respond to the allegations contained in paragraph 53 of the Complaint are not directed at Defendants.

## COUNT III
### 42 U.S.C. § 1983 v. Meara

54. The Defendant Meara repeats and realleges each and every response to the allegations contained in paragraphs 1 through 53 of the complaint as if set forth herein.

55. The Defendant denies the allegations contained in paragraph 55 of the Complaint.

56. The Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. WHEREFORE, Defendant respectfully requests denial of the relief sought by Plaintiff, dismissal of the Complaint, an award of fees and expenses in her favor, and such other and further relief as this Court deems proper.

## COUNT IV
## 42 U.S.C. § 1983 v. City of Springfield

58. The Defendant City repeats and realleges each and every response to the allegations contained in paragraphs 1 through 57 of the complaint as if set forth herein.

59. The Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. The Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. WHEREFORE, Defendant respectfully requests denial of the relief sought by Plaintiff, dismissal of the Complaint, an award of fees and expenses in her favor, and such other and further relief as this Court deems proper.

**DEFENDANTS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

**AFFIRMATIVE DEFENSES**

*FIRST DEFENSE*

The Court lacks jurisdiction over the subject matter of the Complaint.

*SECOND DEFENSE*

The Plaintiff failed to comply with the statutory requirements of M.G.L. chapter 258.

*THIRD DEFENSE*

The Complaint fails to state a claim upon which relief requested can be granted.

*FOURTH DEFENSE*

The Defendants, reserve the right to recover costs and attorneys fees in the event that the above action is found frivolous or in bad faith.

*FIFTH DEFENSE*

The alleged actions of the Defendants were neither the proximate nor the actual cause of any damages suffered by the Plaintiff.

*SIXTH DEFENSE*

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §1983 against the Defendants as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution but merely seeks vindication for alleged violations of state law.

*SEVENTH DEFENSE*

The Complaint fails to state a claim upon which relief can be granted against the Defendants as the conduct did not amount to a reckless disregard or deliberate indifference to the civil rights of inhabitants within the City.

*EIGHTH DEFENSE*

Claims against the Defendants are barred as the actions were reasonable and without malice.

*NINTH DEFENSE*

The Defendants answer that at all times they acted reasonably, within the scope of official discretion and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law question.

*TENTH DEFENSE*

The Plaintiff is barred from recovery because this action has not been brought within the time specified by law.

*ELEVENTH DEFENSE*

The Plaintiff is collaterally estopped from recovery.

*TWELFTH DEFENSE*

The Plaintiff is barred from recovery by *res judicata*.

*THIRTEENTH DEFENSE*

Based on information and belief, the Defendant officer's actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

*FOURTEENTH DEFENSE*

The Defendants are immune from liability

*FIFTEENTH DEFENSE*

The complaint fails to state a claim upon which relief can be granted against the Defendants as liability cannot be imposed under 42 U.S.C. §1983 solely on the grounds of respondeat superior.

*SIXTEENTH DEFENSE*

On information and belief, the actions of the defendant officer were within the realm of reasonable responses to the circumstances with which were confronted.

*SEVENTEENTH DEFENSE*

The plaintiff cannot recover against the municipality, as the alleged actions of the public employees are exempt from the provisions of the Tort Claims Act under Chapter 258, section 10.

*EIGHTEENTH DEFENSE*

The plaintiff's injuries and/or damages were caused by his own negligent acts or failure to act and therefore this action is barred by the provisions of Mass. General Laws, ch. 231, §85.

**WHEREFORE**, the Defendants request this Honorable Court to enter judgment in their favor and award their costs.

Respectfully submitted,

Defendant City of Springfield
By Its Attorney

_____
Edward M. Pikula
Associate City Solicitor
BBO #399770
CITY OF SPRINGFIELD LAW DEPATMENT
36 Court Street
Springfield, Massachusetts 01103
Telephone:	(413) 787-6085
Telefax:	(413) 787-6173

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the within Document was this day served upon Plaintiff by mailing same, first class postage prepaid, to:

Walter B. Prince, BBO #406640
William A. Worth, BBO #544086
Joseph L. Edwards, BBO #564288
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000


SIGNED under the pains and penalties of perjury.
Dated: February 7, 2005

Edward M. Pikula, Esquire
*Attorney for Defendants*

10