UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS C. GREER, ) Plaintiff, ) ) v. ) CITY OF SPRINGFIELD, JEFFREY M. ) ASHER, JAMES F. KERVICK, JAMES L. ) SHEWCHUCK, JAMES M. MORIARTY, ) JOHN DOES Nos. 1-4, JOHN DOE ) No. 5, and PAULA MEARA, CHIEF OF ) POLICE, ) Defendants. ) | Docket No. 05-30001-MAP |

## MOTION OF PLAINTIFF DOUGLAS GREER
## TO COMPEL AND FOR SANCTIONS

### I.    INTRODUCTION

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff Douglas G. Greer moves this Court to

order Defendants City Of Springfield, Jeffrey M. Asher, James F. Kervick, James L.

Shewchuck, James M. Moriarty, and Paula Meara (collectively (the "defendants"), to

respond to his First Set of Interrogatories and First Request for Production of Documents

forthwith.  Further, plaintiff seeks costs and attorneys fees associated with filing this

motion.  In support of this motion, plaintiff relies on the attached Affidavit of Joseph L.

Edwards, Jr.  In further support of this motion, plaintiff states:

1.    Plaintiff filed a complaint against the above-identified defendants and

several John Does arising from an unprovoked beating he received from Springfield

police officers on the evening of November 4, 2004.

2.    On August 16, 2005, plaintiff served a First Set of Interrogatories and First

Set of Requests for Production of Documents on each defendant.

3.    On February 7, 2006, this Court issued an order requiring all parties to provide responses to all outstanding written discovery by February 18, 2006 and to complete all non-expert depositions by June 1, 2006. The Court further scheduled a case management conference for June 14, 2006.

4.    Plaintiff has provided answers to written discovery propounded by Defendants City of Springfield and Paula Meara (the remaining individual defendants did not serve separate discovery requests). In addition, plaintiff has diligently pursued depositions of non-expert, non-defendant witnesses.

5.    To date, notwithstanding this Court's order, plaintiff has not received responses to interrogatories or document requests from any defendant, although he has received an unsigned, apparently incomplete, copy of draft responses to interrogatories from the City of Springfield and Paula Meara.

**Plaintiff has been unduly prejudiced by the failure**
**of defendants to provide responses to written discovery**

6.    Plaintiff has been unduly prejudiced because defendants have not provided him with responses to his discovery requests. Due to the nature of plaintiffs' claims, he cannot effectively depose the individual defendants without first receiving information requested in his written discovery requests, such as the disciplinary records of the police officers involved in his beating, their training records, transcripts of tape recordings and the actual recordings of police radio traffic generated on the evening plaintiff was beaten, copies of police department policies and regulations, and other, relevant information.

7.    Moreover, plaintiff is unable to make any informed decisions on whether to amend his complaint to add new counts or new defendants without the requested discovery.

2

8.     In addition, the information plaintiff seeks might show that depositions other than those of the named defendants are necessary.

9.     On several occasions, counsel for the plaintiff has discussed with counsel for the City of Springfield and Paula Meara his need to obtain responses to discovery requests prior to deposing any of the individual defendants and has sent written correspondence and emails to their attorneys regarding the same. Plaintiff's counsel has been assured each time that the responses were being prepared and would be forthcoming. Similarly, plaintiff's counsel has sent emails and written correspondence concerning this matter to counsel for Jeffrey M. Asher, James F. Kervick, James L. Shewchuck, and James M. Moriarty and left voicemails for their attorney. To date, counsel for Jeffrey M. Asher, James F. Kervick, James L. Shewchuck, James M. Moriarty has not responded.

10.    Despite the extraordinary patience plaintiff has shown, defendants have not served answers to his discovery requests. As a result, plaintiff will likely be unable to depose all individual defendants prior to the Court imposed deadline of June 1, 2006. Plaintiff's counsel anticipates receiving a lot of material from defendants in response to his comprehensive discovery requests. See e.g., Plaintiff's First Set of Interrogatories to Defendant Jeffrey Asher and Plaintiff's First Request for Production of Documents to Defendant City of Springfield, which are attached hereto as Exhibit A.

11.    Even if the materials are received at this late date, counsel will not have time to review the materials and prepare for, schedule, and conduct the depositions of the defendants by the court imposed deadline. Plaintiff's counsel has pre-existing

professional and personal obligations that may be a bar to scheduling and completing all

non-expert depositions by June 1.

12.     Further, based on the draft answers to interrogatories from the City of

Springfield, it is likely that the party will have to spend time resolving discovery disputes

prior to completing the discovery process.

**Sanctions are Warranted in this Case**

13.     The assessment of sanctions for discovery violations serves the important

functions of punishing the offender and deterring others from committing similar

violations.  See Tower Ventures, Inc. v. City of Westfield, Docket No. 02-1145 (1st Cir.

July 23, 2002) citing National Hockey LeagueMetro Hockey Club, 427 U.S. 639, 642-

43(1976)(sanctions appropriately used to punish party that continuously violated the

court's scheduling orders and deter others from similar misconduct).

14.     Rule 37(a)(4)(A) provides in relevant part:

> if the motion [to compel] is granted . . . the court shall, after affording an
> opportunity to be heard, require the party . . . whose conduct necessitated the
> motion or the party or attorney advising such conduct or both of them to pay to
> the moving party the reasonable expenses incurred in making the motion,
> including attorney's fees, unless the court finds that the motion was filed without
> the movant's first making a good faith effort to obtain the . . . discovery, without
> court action, or that the opposing party's . . . response or objection was
> substantially justified, or that other circumstances make an award of expenses
> unjust.  Fed. R. Civ. P. 37(a)(4)(A)(emphasis added).

15.     Here, defendants have inexcusably failed to provide responses to

plaintiff's written discovery requests, notwithstanding the order of this Court.

16.     As required by the Federal Rules, plaintiff has gone to great lengths to

confer with counsel for the defendants in a good faith attempt to obtain the requested

discovery responses voluntarily, without the needless waste of time and expense

4

associated with seeking compliance through the Court.  <u>See</u> Attached Exhibit B; Fed. R.
Civ. P. 37(a)(2)(A).

    17.    Plaintiff is entitled to an order requiring defendants to provide responses
to his discovery requests forthwith in order to effectively prosecute his claims.

    18.    An award of attorney fees and costs is an appropriate sanction and would
serve the interests of justice in this case because of the expense and time plaintiff has had
to expend in preparing this motion.

### CONCLUSION

    Plaintiff respectfully requests the Court to grant the foregoing motion to compel
and award him attorney fees and costs.

DOUGLAS C. GREER

By his attorneys,

Walter B. Prince, BBO #406640
William A. Worth, BBO #544086
Joseph L. Edwards, BBO #564288
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

### L. R. 7.1(2) Certification

I, Joseph L. Edwards J., hereby certify that I have conferred in good-faith with counsel
for the City of Springfield and have attempted to confer in good faith with counsel for the
remaining defendants prior to filing the foregoing motion in an attempt to resolve the or
narrow the issues raised therein.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS C. GREER,<br>　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SPRINGFIELD, JEFFREY M.<br>ASHER, JAMES F. KERVICK, JAMES L.<br>SHEWCHUCK, JAMES M. MORIARTY,<br>JOHN DOES Nos. 1-4, JOHN DOE<br>No. 5, and PAULA MEARA, CHIEF OF<br>POLICE,<br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)　　Docket No. 05-30001-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF JOSEPH L. EDWARDS, JR

I, Joseph L. Edwards, Jr., hereby depose and state:

1. I am an attorney of record in the above-captioned case for Plaintiff Douglas G. Greer.

2. On August 16, 2005, I served interrogatories and document requests on the City of Springfield and each individual defendant.

3. On February 7, 2006, this Court issued an order requiring the parties to serve responses to written discovery by February 18, 2006. The Court ordered that all non-expert depositions be completed by June 1, 2006 and scheduled a case management conference for June 14, 2006.

4. To date, none of the defendants have served responses to plaintiff's written discovery requests.

5. Plaintiff has served responses on defendants City of Springfield and Paula Meara (the only defendants who served written discovery requests). In addition, plaintiff

has diligently sought to depose non-defendant witnesses and has conducted a number of such depositions and several have been scheduled.

6. I have spoken with counsel for the City of Springfield on several occasions, including at recent depositions and by telephone, about the outstanding discovery. On each occasion, I was assured that responses were being prepared and would be forthcoming. At one of the depositions, counsel gave me an unsigned, draft copy of answers to interrogatories, and assured me that the final version would soon follow. In addition, I sent correspondence and emails to counsel regarding my need to obtain the discovery in time to digest the amount of information I anticipated receiving. I made clear that this was important because I could not depose the defendants without receiving the information and because I had every intention of complying with the Court imposed deadline. I still have not received responses to the interrogatories or document requests.

7. I also attempted to confer with counsel for the remaining defendants about the outstanding discovery. I left voicemail messages and sent correspondence and emails to counsel. To date, I have not received a response on the question of when I could expect to receive responses to plaintiff's discovery requests.

8. It now seems unlikely that I will be able to depose all non-expert witnesses prior to the court imposed deadline of June 1. In addition to the time required to digest the information from defendants, my professional and personal obligations may make scheduling and completing all of the depositions by the deadline impossible. Further, in the event the discovery shows that additional individuals should be deposed, we will likely not be able to complete those prior to the deadline.

9. Moreover, based on the draft responses to interrogatories I received from the City of Springfield, I anticipate discovery disputes that may take time to resolve.

10. Plaintiff has been prejudiced by the failure of defendants to respond to his discovery requests. Without the responses, he cannot depose the individual defendants. His ability to determine whether to amend his complaint to include new claims or defendants is appropriate has been hampered. Finally, as discussed above, it is unlikely that he will be able to comply with the Court imposed deadline for completing non-expert depositions.

Signed under the pains and penalties of perjury this 24th day of April, 2006.

Joseph L. Edwards Jr.

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DOUGLAS C. GREER,<br>            Plaintiff,<br><br>v.<br><br>CITY OF SPRINGFIELD, JEFFREY M.<br>ASHER, JAMES F. KERVICK, JAMES L.<br>SHEWCHUCK, JAMES M. MORIARTY,<br>JOHN DOES Nos. 1-4, JOHN DOE<br>No. 5, and PAULA MEARA, CHIEF OF<br>POLICE,<br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Docket No.  05-3001-MAP

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT JEFFERY M. ASHER

Defendant Jeffrey M. Asher is hereby requested to serve upon counsel for

Plaintiff Douglas C. Greer, sworn answers to the following interrogatories.

### DEFINITIONS

1.      The terms "Defendant" or ""you" or "your" as used herein refer to

Defendant Jeffrey M. Asher, his agents, representatives and attorneys.

2.      The term "Plaintiff" as used herein refers to Douglas C. Greer.

3.      The term "the incident" refers to the occurrences on November 4, 2004,

which are the subject of the present complaint, in which plaintiff alleges he was beaten by

Springfield police officers.

4.      The term "One Stop Gas" refers to the One Stop Gas service station and

convenience store located at 679 Main Street, Springfield, Massachusetts.

5.      The term "Board" refers to the Board of Police Commissioners for the

City of Springfield.

6.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) using any medium, including but not limited to, paper, voice, photograph, facsimile and digital computer files.

7.    The term "document" as used herein includes all written and graphic matter of every kind of description, however produced or reproduced, whether final or draft, original or reproduction, in your actual or constructive possession, custody or control, including, but not limited to, letters, correspondence, memoranda, notes, films, transcripts, contracts, agreements, licenses, plaques, memoranda or notes of oral communications, invoices, endorsements, checks, bank drafts, deposit slips, withdrawal slips, microfilm, telegrams, books, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletyped messages, minutes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings or materials similar to the foregoing however denominated, and including writings, drawings, graphs, charts, blueprints, photographs, phone records and data processing results, electronic mail (e-mail), word processed documents, facsimiles, data bases, spreadsheets, electronically generated graphics, computer or data processing results, computer or data processing tapes of other materials in computer readable form, printouts and other computations (both in existence and stored memory) and other compilations from which information can be obtained or translated into reasonably usable form.  The term "document" shall also include all copies of each document if the copies contain any additional writing or are not identical copies of the original.  The term

2

document shall also include digital files stored or archived on floppy discs, magnetic tapes, CDROMs, external hard drives, or any other digital storage medium.

8.    The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

9.    "Concerning" means referring to, relating to, regarding, describing, evidencing, forming the basis of, commenting on, supporting, analyzing, or constituting.

10.    "Identify" with respect to a person means to state, to the extent known, the person's full name, present or last known residential and business address(es), and telephone number.

11.    "Identify" with respect to a document means to state, to the extent known, (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

## INSTRUCTIONS

1.    These interrogatories are deemed to be continuing so as to require the filing of supplemental responses in the event that (1) Defendant obtains information upon the basis of which he knows that a response was in whole or in part incorrect when made, or though correct when made, is no longer entirely correct, or that the circumstances are such that a failure to amend the answer is in substance a negligent or knowing misrepresentation; or (2) Defendant locates or discovers information responsive to one or more of Plaintiff's interrogatories.

2.    You are requested to furnish all information in your possession and all information available to you, not merely such information as you know of your own personal knowledge, but also all knowledge that is available to you, your representatives,

3

attorneys, employees and agents, by reason of inquiry including inquiry of their

representatives.

      3.     In addition, you are requested to identify all persons having knowledge of

the matters that are the subject of each interrogatory whether or not answers are supplied

to each of the interrogatories.

      4.     If you claim that an answer to any interrogatory is privileged or otherwise

protected from discovery, identify such information by its subject matter, and state with

particularity the nature and basis of each such claim. If you are unable to answer any of

the following interrogatories completely, answer to the extent possible, specifically

stating the reasons for your inability to answer the remainder and stating whatever

information or knowledge you have concerning the unanswered portion.

## INTERROGATORIES

1.     Identify yourself by stating your full name, job title, residential and business

addresses, date of birth and telephone number.

2.     Identify any person who assisted you in gathering information and/or preparing

answers to these interrogatories, and any person who assisted you in gathering

information or searching for documents in order to respond to Plaintiff's First Request for

Production of Documents to Defendant Jeffrey M. Asher.

3.     State the name, address, and telephone number for each of your employers since

high school and for each:

          a.   describe the nature of your work, each job you performed, and each

              position you held;

   b. state the name, address, telephone number, and title of each individual who supervised you at each place of employment;

   c. state the dates you worked for each employer; and

   d. state why you left each job or position.

4.  State whether you have received instruction or training from the City of Springfield related to: (1) the means and methods of approaching an occupied, parked vehicle; (2) determining whether a member of the public is in need of medical attention; (3) determining when and whether the use of force is appropriate or necessary; (4) determining how much force is appropriate or necessary in given situations (i.e. distinguishing an appropriate use of force from excessive force); (5) the proper means of removing an individual from a parked vehicle; (6) when the use of OC spray is appropriate or necessary; (7) constitutional limitations on searches and seizures; (8) interacting with minority members of the public; (9) making arrests, detaining, restraining, or otherwise seizing criminal suspects; (10) determining whether or not there is probable cause for an arrest or the seizure of a criminal suspect; (11) police abuse and misconduct; (12) the use of batons, nightsticks, OC spray or any other weapons; or (13) state, federal, and constitutional law, and you received training on any of the aforementioned topics:

   a. identify each instructor, lecturer, or teacher from whom you received such training;

   b. state the dates you attended each training;

      c.  identify all materials, manuals, guidebooks, course outlines, brochures, regulations, charts, films, audiotapes, or other audiovisual material or teaching aids used in each training;

      d.  state the duration of each training session or program;

      e.  state whether you received follow-up or refresher training on each subject, and if so, state when the follow-up or refresher training occurred; and

      f.  identify all documents that contain information requested in this interrogatory.

5.     Identify all officers of the Springfield Police Department who were dispatched to or otherwise arrived at One Stop Gas or the Baystate Medical Center on November 4, 2004 for any reason related to plaintiff or the allegations in his Complaint, and for each:

      a.  state the officer's rank;

      b.  state whether you observed any officer or any other person touch, hit, restrain or attempt to restrain, punch, kick, or otherwise come into physical contact with plaintiff for any reason on November 4, 2004, and state the name and rank of each such officer or the name of such other person; and

      c.  identify all documents that contain information requested in this interrogatory.

6.     Identify each person to whom you made statements, had conversations or otherwise communicated with, either inside or outside of the Springfield Police Department, about the occurrences of November 4, 2004 concerning plaintiff, the

incident involving plaintiff on November 4, 2004, or the subject matter of plaintiff's complaint and:

    a.  state the name, address, and telephone number of every other recipient of or participant in each statement, conversation or communication;

    b.  describe the nature and substance of each statement, conversation or communication;

    c.  state the date of each statement, conversation or communication;

    d.  state whether you were required, as a Springfield police officer, to make each statement or engage in each conversation or communication;

    e.  state whether notes, audio or video recordings, emails, faxes, or other record of each statement, conversation or communication exist, and if your answer is yes, identify the custodian of the notes, audio or video recordings, emails, faxes, or other record; and

    f.  identify all documents that contain information requested in this interrogatory.

7.    State whether you sought or possessed any information concerning the plaintiff or his vehicle prior to your arrival or at any time after your arrival at One Stop Gas, and if your answer is yes:

    a.  describe the information you sought or possessed about the plaintiff;

    b.  describe the means by which you sought or received the information;

    c.  state the time you sought or received the information; and

    d.  identify any written, audio, or video record of you seeking or receiving information about the plaintiff.

8.     Describe all weapons you carried, possessed, or had access to on November 4, 2004 when you encountered plaintiff and state whether you or any other officer present at One Stop Gas or Baystate Medical Center unholstered his or her firearm or brandished a weapon of any type.  If an officer unholstered his or her firearm or brandished a weapon:

          a.   identify the officer;

          b.   identify the weapon;

          c.   state the reason the weapon was unholstered or brandished;

          d.   state whether the weapon was pointed at, used on, or directed at plaintiff;

          e.   identify all police department rules, regulations, policies, or orders that you believe authorized the possible use of any weapon on plaintiff; and

          f.   identify all documents that contain information sought in this interrogatory.

9.     State whether plaintiff was ever placed under arrest on November 4, 2004, and if so, state the reason he was arrested.  If plaintiff was not placed under arrest, state why he was not arrested and identify all individuals who contributed to the decision not to arrest him.

10.    State whether you have ever admitted to or been charged with, accused or suspected of, the abuse of any substance(s), including but not limited to, alcohol or any over the counter or illegal narcotics or drugs and:

          a.   describe the substance(s);

          b.   state the date you were charged with, accused, or suspected of abusing the substance;

      c.  state whether you have ever been counseled, admonished, or otherwise disciplined because of substance abuse and the date of such counseling, admonition, or discipline;

      d.  if you received treatment for substance abuse, state the dates of such treatment and state the name, address and telephone number of all individuals or facilities from which you received such treatment; and

      e.  identify all documents that contain information requested in this interrogatory.

11.    State whether you have ever been relieved of duty because of any illness or other physical or mental condition that rendered you unable to perform your duties or otherwise unfit for duty as a police officer and if so:

      a.  state the date(s) you were relieved from duty;

      b.  describe in detail the reason why you were relieved from duty;

      c.  describe all treatment you received in order to resume working,

      d.  state the name, address and telephone number of all individuals or facilities from which you received such treatment; and

      e.  identify all documents that contain information requested in this interrogatory.

12.    State whether you have ever been accused of, charged with, or been the subject of a complaint alleging excessive force, brutality, unlawful search or seizure, false arrest, assault, battery, unlawful detainment, malicious prosecution, falsifying a police report, perjury, violating the constitutional rights of a member of the public, or any other

misfeasance or malfeasance arising from interactions with members of the public, and for each such charge or complaint:

    a.   describe the nature and subject of the charge or complaint;

    b.   state the date of each charge of complaint;

    c.   state the individual or entity to whom the charge or complaint was made;

    d.   state whether any other officer other than you was also charged in each incident, and if so, identify the officer;

    e.   state the name, address, and telephone number of each complainant;

    f.   state the race, ethnic origin, and national origin of each complainant;

    g.   state whether the Springfield Police Department or any other entity or individual conducted an investigation into each charge or complaint and if so, describe the nature and scope of each investigation, and state the outcome of each investigation, including both the decision rendered and any disciplinary action or other consequences that followed as a result thereof;

    h.   identify all reports, memoranda, summaries, photographs, videos, audiotapes, physical evidence, documents, and correspondence generated or gathered during the course of each investigation;

    i.   describe how each complaint was resolved, whether by civil trial, administrative action, dismissal, settlement, or whether the complaint is still pending and

    j.   identify all documents containing information requested in this interrogatory.

13.    State whether you are or have ever been the subject of or defendant in any inquiry, complaint, disciplinary action, other administrative action, or of a civil or criminal lawsuit related to your duties or actions as a law enforcement officer, and for each such inquiry, complaint, disciplinary action, administrative action or civil or criminal lawsuit:

  a.   describe the nature and substance of the allegations against you;

  b.   identify the court, administrative body, or other entity in which it was filed;

  c.   state the docket number, case number or file number;

  d.   state the name, address, and telephone number of any co-defendant;

  e.   state the name, address, and telephone number of each complainant or plaintiff;

  f.   state the race, ethnic group, and national origin of each complainant or plaintiff;

  g.   state whether the Springfield Police Department or any other entity or individual conducted an investigation into each charge or complaint against you and if so, describe the nature and scope of each investigation, and identify all reports, memoranda, summaries, photographs, videos, audiotapes, physical evidence, documents, and correspondence generated or gathered during the course of each investigation;

  h.   state the disposition of each action, whether by trial, dismissal, settlement, or whether the case is still pending; and

      i.   identify all documents that contain information requested in this
interrogatory.

14.    State whether you have ever been counseled, warned, suspended, or otherwise
disciplined for violating any rule, regulation, practice or procedure of the Springfield
Police Department, and if your answer is yes:

      a.   state the date and the reason you were counseled, warned, suspended, or
disciplined;

      b.   identify the rule, regulation, practice or procedure you were charged with
violating; and

      c.   identify the individual who authorized or issued the counseling, warning,
suspension, or discipline;

15.    State whether you claim to have sustained any injury as a result of your encounter
with plaintiff on November 4, 2004 and if so:

      a.   describe the nature and extent of the alleged injury;

      b.   state whether your injuries were treated and identify any individual who
rendered such treatment;

      c.   state the date of such treatment; and

      d.   identify all documents that contain information requested in this
interrogatory.

16.    Identify every Springfield Police Department rule, policy, directive, procedure, or
order that you believe authorized you to remove plaintiff from his vehicle, remove him
utilizing the method you used, use force against him, search his vehicle and its contents,

cause a canine to sniff his vehicle, and detain, restrain, or otherwise take him into custody.

17.    State the hours you worked on November 4, 2004 and state whether you were required to or whether you kept a log of your activities for the day. In addition, describe all activities you engaged in during your shift (i.e. what calls you responded to, whether you made any arrests, etc.) both prior to and after the incident involving plaintiff.

18.    Identify your immediate supervisor on November 4, 2004, and if your supervisor changed during the course of your shift, identify all such supervisors and state the time periods during which each individual was responsible for supervising you. In addition:

      a.  state whether you sought or received authorization from any supervisor to break the windows of plaintiff's vehicle, remove him from the vehicle, remove him utilizing the method you used, use force against him, search his vehicle and its contents, cause a canine to search his vehicle, or detain, restrain, or otherwise take him into custody; and

      b.  if you sought or received such authorization, identify the supervisor from whom you sought or received authorization, state when you sought or received such authorization, and describe in detail the scope of any authorization you received.

19.    State whether you filed any report concerning the incident of November 4, 2004 involving plaintiff and state:

      a.  to whom the report was submitted;

      b.  whether you were ordered to write the report and if so, identify the individual who gave you the order; and

      c.   whether you were required to write the report by any rule, regulation, procedure, or practice and if so, identify the rule, regulation, procedure, or practice.

20.    If you believe that One Stop Gas is located in a "drug neighborhood" or a "high crime" area, state the basis for that belief and:

      a.   describe the geographic boundaries of the purported drug neighborhood or high crime area by stating the street boundaries and the square mileage the area encompasses;

      b.   state whether officers are instructed, trained, or ordered to act more aggressively toward members of the public when responding to calls in the area than they would act when responding to calls in other areas of Springfield because of its identification as a drug neighborhood or a high crime area;

      c.   state whether officers are instructed, trained, or ordered to assume that calls to the area involve drugs because of its identification as a drug neighborhood or high crime area;

      d.   state the demographic makeup of the area by identifying by percentages, the races, ethnic groups, and national origins of the area's residents;

      e.   state the total number of calls you responded to at One Stop Gas or the surrounding area that resulted in you or any other officer engaging in an altercation with a suspect or making an arrest for any drug related offense;

      f.   state whether other areas of Springfield are identified as drug neighborhoods or high crime areas, and if your answer is yes, state the

geographic boundaries of those areas and state the demographic makeup

of those areas by identifying by percentages, the races, ethnic groups, and

national origins of the areas' residents; and

g.   identify all documents that contain information requested in this

interrogatory.

21.    Identify all officers who have been disciplined by the Springfield Police

Department for any reason from January 1, 1995 to the present and for each, state:

a.   the reason the officer was disciplined;

b.   the discipline imposed on each officer; and

c.   how you learned that the officer had been disciplined and about the

discipline imposed.

<div style="margin-left: 3em;">

DOUGLAS C. GREER

By his attorneys,

_____

Walter B. Prince, BBO #406640
William A. Worth, BBO #544086
Joseph L. Edwards, BBO #564288
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

</div>

August 16, 2005.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOUGLAS C. GREER,                    )
           Plaintiff,                )
                                     )
v.                                   )     Docket No. 05-3001-MAP
                                     )
CITY OF SPRINGFIELD, JEFFREY M.      )
ASHER, JAMES F. KERVICK, JAMES L.    )
SHEWCHUCK, JAMES M. MORIARTY,        )
JOHN DOES Nos. 1-4, JOHN DOE         )
No. 5, and PAULA MEARA, CHIEF OF     )
POLICE,                              )
           Defendants.               )

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY OF SPRINGFIELD

Defendant City of Springfield is hereby requested to produce for inspection and copying within thirty days at the offices of Prince, Lobel, Glovsky & Tye LLP, 585 Commercial Street, Boston, Massachusetts 02109, the documents described below.

### DEFINITIONS

1.      The terms "Defendant" or ""you" or "your" as used herein refer to the City of Springfield, its agents, representatives and attorneys.

2.      The term "Plaintiff" as used herein refers to Plaintiff Douglas C. Greer.

3.      The term "the incident" refers to the occurrences on November 4, 2004, which are the subject of the present complaint, in which plaintiff alleges that he was beaten by Springfield police officers.

4.      The term "One Stop Gas" refers to the One Stop Gas service station and convenience store located at 679 Main Street, Springfield, Massachusetts.

5.    The term "Board" refers to the Board of Police Commissioners (or Police Commission) for the City of Springfield.

6.    The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) using any medium, including but not limited to paper, voice, photograph, facsimile, electronic mail (e-mail), and digital computer files.

7.    The term "document" as used herein includes all written and graphic matter of every kind of description, however produced or reproduced, whether final or draft, original or reproduction, in your actual or constructive possession, custody or control, including, but not limited to, letters, correspondence, memoranda, notes, films, transcripts, contracts, agreements, licenses, plaques, memoranda or notes of oral communications, invoices, endorsements, checks, bank drafts, deposit slips, withdrawal slips, microfilm, telegrams, books, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletyped messages, minutes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, tapes for visual or audio reproduction, recordings or materials similar to the foregoing however denominated, and including writings, drawings, graphs, charts, blueprints, photographs, phone records and data processing results, electronic mail (e-mail), word processed documents, facsimiles, data bases, spreadsheets, electronically generated graphics, computer or data processing results, computer or data processing tapes of other materials in computer readable form, printouts and other computations (both in existence and stored memory) and other compilations from which information can be obtained or translated into reasonably usable form. The term "document" shall also include all copies of each document if the copies contain any

2

additional writing or are not identical copies of the original. The term document shall also include digital files stored or archived on floppy discs, magnetic tapes, CDROMs, external hard drives, or any other digital storage medium.

8.    The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

9.    The term "concerning" has the meaning given in United States District Court Local Rule 26.5.

10.    The terms "and" and/or "or" shall be construed in the broadest possible terms so as to include the greatest number and type of documents.

## INSTRUCTIONS

1.    If you contend that any of these requests call for the production of documents which you assert are protected from discovery by the attorney-client privilege, by the work-product rule, or by any other claim of privilege, identify each document which you contend is so protected by stating the type of document (e.g., handwritten notes, letters, etc.), its author, its recipient(s), its date, its general subject matter, the nature of the privilege or other reason which justifies non-production and all facts upon which the claims of privilege or other claimed justification of non-production is based.

2.    These requests are continuing. In the event that you become aware of any documents within the scope of any of the requests set forth below after producing documents in response to such requests, such additional responsive information shall be immediately furnished to defendants' attorneys.

3

## REQUESTS FOR PRODUCTION

1.    All documents, including written memoranda, reports, video or audio recordings, photographs, diagrams, or other documents concerning or related to the plaintiff, the incident involving plaintiff on November 4, 2004, or the allegations in his Complaint, including but not limited to:

        a.   all documents concerning or constituting formal or informal investigative reports, draft reports, and investigative notes;

        b.   all reports, records, or recordings of radio calls regarding plaintiff or the incident, whether such recordings were made prior to, during, or subsequent to the time any officer of the Springfield Police Department arrived at One Stop Gas, including but not limited to, orders directing officers to respond to One Stop Gas, contemporaneous reports about occurrences at One Stop Gas, the search of plaintiff's automobile and his possessions, the decision to transport plaintiff to Baystate Medical Center, the decision to tow his car, and communications subsequent to plaintiff's arrival at Baystate Medical Center;

        c.   all medical records or other records concerning plaintiff;

        d.   all written or otherwise recorded statements of civilian witnesses to the incident and notes of all interviews of civilian witnesses; and

        e.   all written or otherwise recorded statements of any police officers or other persons who were witnesses to the incident or who had any contact with the plaintiff or any of the incidents described in his Complaint.

2.    All documents, including audio and visual recordings, constituting or concerning any communication, correspondence, or statements that were engaged in or made by any member of

4

the Board, the Chief of Police, any officer of the Springfield Police Department, or any other person, that are related in any way to the plaintiff, the incident involving plaintiff on November 4, 2004, or the allegations in his Complaint.

3.      All audio recordings and transcripts of all radio traffic concerning or generated by Jeffrey M. Asher, James F. Kervick, James L. Shewchuck, and James M. Moriarty during their respective shifts on November 4, 2004.

4.      All police logs, journals, or other documents which make reference to the plaintiff, the incident involving plaintiff on November 4, 2004, or the allegations in his Complaint.

5.      All documents, including audio and visual recordings, constituting or concerning any press releases issued by any member of the Board, the Chief of Police, any officer of the Springfield Police Department, or any other person, that are related in any way to the plaintiff, the incident involving plaintiff on November 4, 2004, or the allegations in his Complaint.

6.      All documents, including audio and visual recordings and transcripts, constituting or concerning any interviews given by any member of the Board, the Chief of Police, any officer of the Springfield Police Department, or any other person, that are related in any way to the plaintiff, the incident involving plaintiff on November 4, 2004, or the allegations in his Complaint.

7.      All documents constituting or concerning orders, directives, rules, regulations, policies, reports, memoranda, and guidelines issued by the City of Springfield or any of its agencies, including but not limited to the Board and the Police Department for each year from January 1, 1995 through the present, which govern or explain:

          a.  the use of force by an officer (no matter how slight);

          b.  the use of OC spray, batons, firearms, or any other weapons;

5

    c.  probable cause for arrest;

    d.  probable cause to search an individual, his automobile, and personal effects;

    e.  the proper scope of any search;

    f.  avoiding or preventing police abuse and misconduct;

    g.  the standards for determining whether to detain, restrain, arrest or otherwise take an individual into custody; and

    h.  the manner in which officers should interact with members of the public, including any considerations officers should take into account when dealing with minority members of the public.

8.    All materials used in the training of police officers from January 1, 1995 to the present, including but not limited to, course outlines, books, manuals, brochures, films, and audio or video tape recordings concerning;

    a.  the means and methods of approaching an occupied, parked vehicle;

    b.  the appropriate means of removing an individual from a parked vehicle;

    c.  how to determine whether a member of the public is in need of medical attention;

    d.  determining when and whether the use of force is appropriate or necessary and how much force is appropriate or necessary in given situations;

    e.  the use of OC spray, batons, firearms, or any other weapons;

    f.  probable cause for arrest;

    g.  the standards for determining whether to detain, restrain, arrest or otherwise take an individual into custody;

    h.  probable cause to search an individual, his automobile and personal effects;

    i.  the proper scope of any search;

6

j.  constitutional limitations on searches and seizures;

k.  avoiding and preventing police abuse and misconduct;

l.  state, federal, and constitutional law;

m.  the standards for determining whether to detain, restrain, arrest or otherwise take an individual into custody; and

n.  the manner in which officers should interact with members of the public, including any considerations officers should take into account when dealing with minority members of the public.

9.   For any officer who was involved with plaintiff in any way on November 4, 2004, all documents concerning whether the officer was ever accused of or charged with engaging in excessive force, brutality, unlawful search or seizure, false arrest, assault, battery, unlawful detainment, malicious prosecution, falsifying a police report, perjury, violating the constitutional rights of a member of the public, or any other misfeasance or malfeasance arising out of contact with the members of the public, including:

a.  the complaint form, or any other written or recorded complaint;

b.  investigative notes, interview notes, interview summaries, and all final and draft reports;

c.  all documents generated or gathered by internal affairs;

d.  documents regarding the disposition of each accusation or charge;

e.  documents related to whether the officer was exonerated, counseled, reprimanded, suspended or otherwise disciplined because of the accusation or charge; and

f.  any correspondence, statements, or other communication concerning the accusation or charge, including emails, faxes, letters, memos, and recordings.

7

10.    All documents concerning any officer who was accused of or charged with engaging in excessive force, brutality, unlawful search or seizure, false arrest, assault, battery, unlawful detainment, malicious prosecution, falsifying a police report, perjury, violating the constitutional rights of a member of the public, or any other misfeasance or malfeasance arising out of contact with the members of the public, at any time from January 1, 1990 through the present, including:

      a.   the complaint form, or any other written or recorded complaint;

      b.   investigative notes, interview notes, interview summaries, and all final and draft reports;

      c.   all documents generated or gathered by internal affairs;

      d.   documents regarding the disposition of each accusation or charge;

      e.   documents related to whether the officer was exonerated, counseled, reprimanded, suspended or otherwise disciplined because of the accusation or charge; and

      f.   any correspondence, statements, or other communication concerning the accusation or charge, including emails, faxes, letters, memos, and recordings.

11.    All documents concerning any charge or complaint made by any Springfield officer who was involved in any way with the incident involving plaintiff on November 4, 2004, in which the officer charged any individual with resisting arrest or assault on a police officer.

12.    All documents evidencing or explaining the manner in which citizen complaints are received, processed, investigated, and disposed of by the Springfield Police Department.

13.    All documents concerning or comprising a record of the activities for November 4, 2004 for each officer who was involved with plaintiff that day, including but not limited to, daily logs, arrest records, records of calls to which each officer responded, or summaries of daily activities.

14.    All documents concerning Defendant Jeffrey M. Asher, including but not limited to:

8

    a.  his complete personnel record;

    b.  his disciplinary file, including documents related to any counseling or formal or informal discipline he may have received for any reason;

    c.  his training records;

    d.  any complaints or accusations made against him in which it was alleged that he violated the rules or regulations of the police department or engaged in any type of misconduct;

    e.  all citizen complaints against him;

    f.  all documents constituting or containing, records, interviews, or memoranda concerning any complaints made against him regarding his conduct as a police officer, including internal affairs reviews of his activities as a police officer;

    g.  his performance evaluations;

    h.  his psychiatric evaluations; and

    i.  all other documents related to his fitness to be a police officer.

15.    All documents concerning Defendant, James F. Kervick, including but not limited to:

    a.  his complete personnel record;

    b.  his disciplinary file, including documents related to any counseling or formal or informal discipline he may have received for any reason;

    c.  his training records;

    d.  any complaints or accusations made against him in which it was alleged that he violated the rules or regulations of the police department or engaged in any type of misconduct;

    e.  all citizen complaints against him;

    f.   all documents constituting or containing, records, interviews, or memoranda concerning any complaints made against him regarding his conduct as a police officer, including internal affairs reviews of his activities as a police officer;

    g.   his performance evaluations;

    h.   his psychiatric evaluations; and

    i.   all other documents related to his fitness to be a police officer.

16.    All documents concerning Defendant James L. Shewchuck, including but not limited to:

    a.   his complete personnel record;

    b.   his disciplinary file, including documents related to any counseling or formal or informal discipline he may have received for any reason;

    c.   his training records;

    d.   any complaints or accusations made against him in which it was alleged that he violated the rules or regulations of the police department or engaged in any type of misconduct;

    e.   all citizen complaints against him;

    f.   all documents constituting or containing, records, interviews, or memoranda concerning any complaints made against him regarding his conduct as a police officer, including internal affairs reviews of his activities as a police officer;

    g.   his performance evaluations;

    h.   his psychiatric evaluations; and

    i.   all other documents related to his fitness to be a police officer.

17.    All documents concerning Defendant James M. Moriarty, including but not limited to:

    a.   his complete personnel record;

    b.  his disciplinary file, including documents related to any counseling or formal or informal discipline he may have received for any reason;

    c.  his training records;

    d.  any complaints or accusations made against him in which it was alleged that he violated the rules or regulations of the police department or engaged in any type of misconduct;

    e.  all citizen complaints against him;

    f.  all documents constituting or containing, records, interviews, or memoranda concerning any complaints made against him regarding his conduct as a police officer, including internal affairs reviews of his activities as a police officer;

    g.  his performance evaluations;

    h.  his psychiatric evaluations; and

    i.  all other documents related to his fitness to be a police officer.

18.  All documents concerning Paula Meara, including but not limited to:

    a.  her complete personnel record;

    b.  her disciplinary file, including documents related to any counseling or formal or informal discipline she may have received for any reason;

    c.  her training records;

    d.  any complaints or accusations made against her in which it was alleged that she violated the rules or regulations of the police department or engaged in any type of misconduct;

    e.  all citizen complaints against her;

11

  f. all documents constituting or containing, records, interviews, or memoranda concerning any complaints made against her regarding her conduct as a police officer, including internal affairs reviews of her activities as a police officer or as Chief of Police;

  g. her performance evaluations; and

  h. her psychiatric evaluations; and

  i. all other documents related to her fitness to be a police officer.

19. All documents concerning each police officer, dispatcher, supervisor, agent, or other employee of the City of Springfield who was in any way involved with the plaintiff or the incident on November 4, 2004 or any incident or occurrence alleged in plaintiff's Complaint, including but not limited to:

  a. their complete personnel record;

  b. their disciplinary files, including documents related to any counseling or formal or informal discipline each may have received for any reason;

  c. their training records;

  d. any complaints or accusations made against either of them in which it was alleged that they violated the rules or regulations of the police department or engaged in any type of misconduct;

  e. all documents constituting or containing, records, interviews, or memoranda concerning any complaints made against either of them regarding their conduct as employees of the police department, including internal affairs reviews of their activities as employees;

  f. their performance evaluations; and

12

g.  their psychiatric evaluations.

20.     All documents constituting or containing records or reports concerning citizen complaints

against any officer of the Springfield Police Department for the period of January 1, 1995

through the present, including but not limited to any written or recorded complaint, documents

related to any investigation of the complaint, and documents concerning the disposition of the

complaint.

21.     All documents constituting or containing a review of the police department and: its

policies and procedures, the effectiveness of its disciplinary measures, the effectiveness of its

supervision of officers, its relationship to the minority public, its need for more minority officers,

the quality of officer training, and the effectiveness of any community policing initiatives.

22.     All documents evidencing or explaining the relationship between the Board and the

police department.

23.     All documents explaining or identifying the individual or entity to whom the police chief

reports or is accountable.

24.     All reports from the Chief of Police to the Board, or to any other individual or entity

concerning the status of the police department for each year from January 1, 1995 to the present.

25.     All reports from the Board or any other individual or entity concerning the status of the

police department for each year from January 1, 1995 to the present.

26.     All documents evidencing the total number of police officers employed by the

Springfield Police Department for each year from January 1, 1990 to the present, the number of

applicants for the position of police officer for each year during that time period, the number of

applicants hired for each year during that time period, and the race, ethnic group, and national

13

origin of each officer on the force and each successful or unsuccessful applicant during that time period.

27.    All documents concerning officers who were involuntarily separated from the police force from January 1, 1990 to the present, including but not limited to, documents which indicate the reason for the separation and the race, ethnic group, and national origin of each officer.

28.    All documents evidencing the chain of command that was in effect on November 4, 2004.

29.    All documents evidencing or concerning each occasion that officers responded to One Stop Gas from January 1, 2000 to the present, when officers engaged in altercations with suspects or made arrests for drug related offenses.

30.    An organizational chart of the police department as it existed for each year from January 1, 1995 to the present.

31.    All documents concerning any lawsuit or administrative action in which the City of Springfield, the Board, the police department, or individual police officers, have been defendants from January 1, 1990 to the present, in which the complainant or plaintiff alleged that he or she was mistreated, abused, brutalized or subjected to excessive force, unlawful search and seizure, or other mistreatment or maltreatment by Springfield police officers.

32.    All documents evidencing or supporting the contention that One Stop Gas is located in a "drug neighborhood" or "high crime" area.

33.    All studies, surveys, audits, or reviews of the police department from January 1, 1990 to the present.

34.    All documents related to the search and towing of plaintiff's car, including but not limited to, any tow orders, receipts, and inventory list.

14

35.    All documents describing any disciplinary measures to which officers of the Springfield Police Department might be subjected if it is determined that the officer used or engaged in excessive force, brutality, unlawful search or seizure, false arrest, assault, battery, unlawful detainment, malicious prosecution, falsifying a police report, perjury, violating the constitutional rights of a member of the public, or any other misfeasance or malfeasance arising out of contact with members of the public.

36.    All documents evidencing or concerning all discipline Paula Meara issued or authorized against any officer for any reason during her tenure a Chief of Police.

37.    All documents related to the allegation that Paula Meara mismanaged the Springfield Police Department.

38.    All documents related to the reason Paula Meara is no longer the Chief of Police.

39.    All documents responsive to Plaintiff's First Set of Interrogatories to Defendant City of Springfield Nos. 3(h), 4(j), 5(h), 7(g), 8(i), 9(h), 10(g), 11(i), 12(g), 13(g), 14(d), 16, 17(b), 19(a-c), 20(h), 21(g), 22(f), 24(e), and 25(f), not produced in response to previous requests.

            DOUGLAS C. GREER

            By his attorneys,

            _____
            Walter B. Prince, BBO #406640
            William A. Worth, BBO #544086
            Joseph L. Edwards, BBO #564288
            Prince, Lobel, Glovsky & Tye LLP
            585 Commercial Street
            Boston, MA 02109
            (617) 456-8000

Dated:  August 16, 2005.

15

# EXHIBIT B

Joseph L. Edwards, Jr., Esq.
Direct Dial: 617-456-8131
Email: jledwards@plgt.com

March 28, 2006

Edward M. Pikula, Esq.
Associate City Solicitor
City of Springfield Law Department
36 Court Street
Springfield, MA 01103

Kevin B. Coyle, Esq.
935 Main Street
Springfield, MA 01103

Michael Mulcahy, Esq.
Brooks, Sanborn & Mulcahy, LLP
1537 Main Street
Springfield, MA 01103

Re:    <u>Douglas Greer v. City of Springfield, et al.</u>,
        U.S. District Court, District of Massachusetts
        Case No. 05-30001-MAP

Gentlemen:

Mr. Greer received many of the documents he agreed to provide in his Response to the City of Springfield's Request for Production of Documents from the City of Springfield. I also believe you have copies of his relevant medical records. Therefore, the documents enclosed herein are likely duplicative, with the exception of the newspaper articles.

On a separate note, the discovery deadline is fast approaching and I have not yet received written discovery responses from either of the defendants. I intend to complete all non-expert depositions within the time limit established by the Court. Therefore, it is imperative that you forward to me all discovery requested by the plaintiff as soon as possible. While I do not relish the thought of having to file a motion to compel, I will do so if we do not receive the responses by the end of the week. I will also be sending out deposition subpoenas within the next two days. I will give you a call to discuss this matter either later today or tomorrow.

Very truly yours,


Joseph L. Edwards, Jr.

JLE/dpc
Enclosure

RE: <u>Douglas Greer v. City of Springfield, et al.,</u>
March 28, 2006
Page 2

cc:    Walter B. Prince, Esq. (w/out enclosures)
       William A. Worth, Esq. (w/out enclosures)
       Mr. Douglas Greer (w/out enclosures)

## Edwards, Joseph L.

| | |
|---|---|
| **From:** | Edwards, Joseph L. |
| **Sent:** | Tuesday, March 28, 2006 4:48 PM |
| **To:** | Pikula, Edward; 'Michael Mulcahy'; attycoyle@aol.com |
| **Subject:** | Greer v. Springfield, et al. - discovery and other matters |

I will call tomorrow to discuss the attached letters and try to figure out how we are to complete discovery before the deadline.  Ed – I am sending all documents to Mike.

Joseph L. Edwards Jr., Esquire
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA  02109-1024
Direct Dial:  617.456.8131
Fax:  617.456.8100
E-mail:  jledwards@plgt.com
http://www.plgt.com

## Edwards, Joseph L.

| | |
|---|---|
| **From:** | Edward Pikula [epikula@springfieldcityhall.com] |
| **Sent:** | Saturday, April 08, 2006 2:05 PM |
| **To:** | Edwards, Joseph L.; 'Michael Mulcahy'; attycoyle@aol.com |
| **Cc:** | Prince, Walter B.; Comeau, Deborah P. |
| **Subject:** | RE: Greer v. Springfield, et al. - discovery and other matters |

you should have received them already. i will follow up on this on Monday.

> -----Original Message-----
> **From:** Edwards, Joseph L. [mailto:JLEdwards@plgt.com]
> **Sent:** Friday, April 07, 2006 11:15 AM
> **To:** Pikula, Edward; Michael Mulcahy; attycoyle@aol.com
> **Cc:** Prince, Walter B.; Comeau, Deborah P.
> **Subject:** RE: Greer v. Springfield, et al. - discovery and other matters
>
> Ed –
>
> Two things:
>
> In response to your question, we are interested in any reasonable settlement offer. If you are ready to come forward with a serious offer, we are more than willing to listen.
>
> Having said that, at this juncture we are more interested in receiving and reviewing the responses to our written discovery requests and finishing the depositions in order to comply with the Court imposed deadlines.
>
> As a follow-up to the email re: depositions:
>
> As of this moment – the deposition of **Katherine S. O'Connor is scheduled for 11:30 a.m. on Monday, April 10** at Perman Glenn's office. Ms. O'Connor has been served, but I have not heard from her.
>
> On Wed. April 12, the deposition of **Dr. Jill Griffin is confirmed for 10:00 a.m. and the deposition of Dr. Arpan Bhakta is confirmed for 2:00 p.m.**
>
> Please call me if you have any questions.
>
> > Joseph L. Edwards Jr., Esquire
> > Prince, Lobel, Glovsky & Tye LLP
> > 585 Commercial Street
> > Boston, MA  02109-1024
> > Direct Dial: 617.456.8131
> > Fax: 617.456.8100
> > E-mail: jledwards@plgt.com
> > http://www.plgt.com

**From:** Edward Pikula [mailto:epikula@springfieldcityhall.com]
**Sent:** Thursday, April 06, 2006 3:46 PM
**To:** Edwards, Joseph L.; Pikula, Edward; 'Michael Mulcahy'; attycoyle@aol.com
**Cc:** Prince, Walter B.; Comeau, Deborah P.

**Subject:** RE: Greer v. Springfield, et al. - discovery and other matters

where are we on settlement possibilities?

-----Original Message-----
**From:** Edwards, Joseph L. [mailto:JLEdwards@plgt.com]
**Sent:** Thursday, April 06, 2006 12:32 PM
**To:** Pikula, Edward; Michael Mulcahy; attycoyle@aol.com
**Cc:** Prince, Walter B.; Comeau, Deborah P.
**Subject:** RE: Greer v. Springfield, et al. - discovery and other matters

Counsel:


You should already have received copies of deposition subpoenas I sent to three individuals for Monday, April 10: Alan Boisvere, Katherine S. O'Connor, and Bhakta Arpan, M.D. This has become a bit complicated. This is an update on the scheduling:

Mr. Boisvere is in the hospital and will not be attending his scheduled deposition at 9:30 on Monday.

I received a call from Dr. Arpan's attorney, who indicated that the Dr. cannot make it on the 10th, but could make it on Wed. the 12th. I asked him to select a time on the 12th (probably the same 3:30 time slot) and we will confirm (the 12th was one of the days I received from Mike). I will let you know what time Dr. Arpan can make it on the 12th.

Given the canceling/rescheduling of two depositions on the 10th, I am trying to find out whether Katherine S. O'Connor is available for the 12th, rather than the 10th. I would also like to get Dr. Jill Griffin in on the 12th. That way, we can utilize the entire day on Wed.

What we have at this moment is:

Katherine S. O'Connor – 11:30 Monday, April 10

Dr. Bhakta Arpan – sometime on Wednesday, April 12 (probably in the same 3:30 time slot)

I am also trying to fill in Wednesday April 12 by moving Katherine S. O'Connor to that date and including Jill Griffin

Please contact me with any questions. I will keep you informed.

Joseph L. Edwards Jr., Esquire
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA  02109-1024
Direct Dial:  617.456.8131
Fax:  617.456.8100
E-mail:  jledwards@plgt.com
http://www.plgt.com

---

**From:** Edwards, Joseph L.
**Sent:** Tuesday, March 28, 2006 4:48 PM
**To:** Pikula, Edward; 'Michael Mulcahy'; attycoyle@aol.com
**Subject:** Greer v. Springfield, et al. - discovery and other matters

I will call tomorrow to discuss the attached letters and try to figure out how we are to complete discovery before the deadline.  Ed – I am sending all documents to Mike.

Joseph L. Edwards Jr., Esquire
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA  02109-1024
Direct Dial:  617.456.8131
Fax:  617.456.8100
E-mail:  jledwards@plgt.com
http://www.plgt.com

*Please note that as of April 15th we will be located at 100 Cambridge Street, Suite 2200, Boston MA 02114. For more information please visit www.plgt.com.*

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that: 1) any federal tax advice included in the text of this message, or in an attachment, is not intended or written to be used, and cannot be used, by any recipient for the purpose of avoiding any penalties under the Internal Revenue Code that may be imposed upon such recipient; 2) any statements regarding federal tax matters made in this message, or in any attachment, cannot be used in promoting, marketing, or recommending any transaction, matter, entity, or investment plan addressed herein; and 3) Prince, Lobel, Glovsky & Tye, LLP does not otherwise by this legend impose upon the recipient any limitation on the disclosure of the tax structure of any transaction addressed herein.

The information in this e-mail message is intended for the confidential use of the addressees only. The information is subject to the attorney-client privilege and may be attorney work-product. Recipients should not file copies of this e-mail with publicly accessible records. If you are not an addressee or an authorized agent responsible for delivering this e-mail to a designated addressee, you have received this e-mail in error, and any further review, dissemination, distribution, copying or forwarding of this e-mail is strictly prohibited. If you received this e-mail in error, please notify us immediately at (617) 456-8000.