UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DOUGLAS G. GREER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 05-30001-MAP |
| | ) | |
| CITY OF SPRINGFIELD, JEFFREY M. ASHER, JAMES F. KERVICK, JAMES L. SHEWCHUCK, JAMES M. MORIARTY, JOHN DOES Nos. 1-4, JOHN DOE No. 5, and PAULA MEARA, CHIEF OF POLICE, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MOTION OF DOUGLAS GREER TO ENLARGE THE TIME
FOR HIM TO COMPLETE NON-EXPERT DEPOSITIONS**

Plaintiff Douglas G. Greer moves the Court to enlarge the time for him to complete non-expert depositions by sixty (60) days, and to continue the currently scheduled case management conference until some date thereafter.  As reasons for this request, plaintiff states:

1. On February 7, 2006, this Court issued an order requiring the parties to provide responses to all outstanding written discovery by February 18, 2006 and to complete all non-expert depositions by June 1, 2006.  The Court further scheduled a case management conference for June 14, 2006.

2. On April 24, plaintiff filed a motion to compel defendants to provide him with responses to his written discovery requests.  On May 12, 2006, this Court issued an order requiring defendants to provide plaintiff with responses to his written discovery requests by May 19, 2006.

3. Plaintiff has received answers to interrogatories and responses to document requests from Defendants City of Springfield and Paula Meara. He understands that responses to discovery requests have been prepared by the remaining individual defendants, but plaintiff has not yet received the responses.

4. Plaintiff has not had the opportunity to review completely the responses to written discovery provided by the City of Springfield and Paula Meara. Therefore, he cannot determine whether these defendants have provided complete responses to his requests. More importantly, his late receipt of the information has left plaintiff in a position in which he will be unable to depose all non-expert witnesses by the June 1, 2006 deadline, as ordered by the Court.

5. The requested enlargement of time is necessary in order for plaintiff to have time to review the responses to his discovery requests provided by the City of Springfield and Paula Meara (and that of the remaining defendants when they are received), assess whether the responses are complete, prepare to depose the remaining non-expert witnesses, including defendants, and conduct the depositions. Moreover, preexisting personal and professional obligations of plaintiff's counsel make a 60 day extension a reasonable amount of time for him to complete all outstanding non-expert depositions.

6. An enlargement of time will be in the interests of justice because plaintiff will have adequate time to thoroughly discover this case. Plaintiff has not been dilatory. Rather, he has diligently conducted non-expert depositions during the discovery period. Plaintiff's inability to comply completely with the Court's order is due, primarily, to the

failure of defendants to provide timely responses to his discovery requests, notwithstanding the orders of this Court.

7.   Further, the requested enlargement of time will serve the interests of judicial economy. The parties have discussed the possibility of conducting a limited number of additional depositions and then engaging in mediation. An enlargement of time will give the parties the opportunity to explore more fully the possibility of resolving this case through mediation.

WHEREFORE, plaintiff respectfully requests the Court to enlarge the time period for him to complete non-expert depositions by sixty (60) days, and to reschedule the case management conference for some date thereafter.

Respectfully submitted,

DOUGLAS C. GREER

By his attorneys,

/s/ Joseph L. Edwards, Jr.
Walter B. Prince, BBO #406640
William A. Worth, BBO #544086
Joseph L. Edwards, BBO #564288
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000