UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| DOUGLAS C. GREER, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Docket No. 05-30001-MAP |
| | ) |
| CITY OF SPRINGFIELD, JEFFREY M. | ) |
| ASHER, JAMES F. KERVICK, JAMES L. | ) |
| SHEWCHUCK, JAMES M. MORIARTY, | ) |
| JOHN DOES Nos. 1-4, JOHN DOE | ) |
| No. 5, and PAULA MEARA, CHIEF OF | ) |
| POLICE, | ) |
| Defendants. | ) |

_____)

**MOTION OF PLAINTIFF DOUGLAS GREER
FOR A FINDING OF CONTEMPT AGAINST THE
CITY OF SPRINGFIELD AND PAULA MEARA**

**I.      INTRODUCTION**

Pursuant to Fed. R. Civ. P. 37, Plaintiff Douglas G. Greer respectfully moves this

Court issue a finding of contempt against Defendants City of Springfield ("Springfield")

and Paula Meara (collectively the "defendants").  Further, plaintiff seeks costs and

attorneys fees associated with filing this motion and additional sanctions against the

defendants.  In support of this motion, plaintiff states:

1.      Plaintiff filed a complaint against Springfield, Paula Meara (Meara"),

several Springfield police officers, and several John Does, arising from an unprovoked

beating he received from Springfield police officers on the evening of November 4, 2004.

2.      On August 16, 2005, plaintiff separately served a First Set of

Interrogatories and First Set of Requests for Production of Documents on Springfield and

Meara.

3.      On February 6, 2006, this Court issued an order requiring all parties to provide responses to all outstanding written discovery by February 18, 2006 and to complete all non-expert depositions by June 1, 2006.[1]

4.      On April 24, 2006, plaintiff filed a Motion to Compel and for Sanctions because none of the defendants had responded to his interrogatories and requests for production of documents.

5.      On May 12, 2006, this Court granted plaintiff's Motion to Compel and for Sanctions.  It also issued an order requiring defendants to respond to all outstanding written discovery no later than May 19, 2006.  Pursuant to the Court's order, plaintiff submitted a schedule of fees and costs associated with the Motion to Compel.

6.      All defendants, with the exception of Meara, subsequently submitted responses to plaintiff's interrogatories and requests for production of documents.

7.      Many of the responses provided by Springfield to plaintiff's interrogatories and requests for production of documents were so incomplete, evasive, or non-responsive that the responses should be treated as a failure to respond.  See Fed. R. Civ. P. 37(a)(3).  In response to several requests, Springfield indicated that the answers would be supplemented or that responsive information or documents would be provided upon the execution of a confidentiality agreement.

8.      On July 20, 2006, counsel for plaintiff submitted a detailed letter to Springfield in which he outlined deficiencies in Springfield's responses to interrogatories and requests for production of documents.  Where appropriate, he also asked Springfield to provide the additional information or supplements it indicated in its original responses

---

[1] The deadline for the completion of non-expert depositions has since been extended until September 18, 2006.

were forthcoming.  A copy of that letter is appended hereto as Attachment 1.[2]  That same date counsel also submitted to Springfield an executed copy of the confidentiality agreement Springfield indicated it needed before it would release certain information and documents to plaintiff.  A copy of the executed Confidentiality Agreement is appended hereto as Attachment 2.

9.      To date, Springfield has not provided complete responses to plaintiff's interrogatories or requests for production of documents, notwithstanding the letter from plaintiff's counsel.  Similarly, Springfield has not produced the supplemental information and documents it indicated were forthcoming.

10.     To date, Paula Meara has not responded at all to plaintiff's interrogatories and requests for production of documents.

**Plaintiff has been unduly prejudiced by the failure
of defendants to provide responses to written discovery**

11.     Plaintiff has been unduly prejudiced because defendants have not provided him with responses to his discovery requests.  In particular, Springfield has information related to claims against each of the individual defendants as well claims against Springfield.  Due to the nature of plaintiffs' claims, he cannot effectively depose the individual defendants or prosecute his claims without first receiving information requested in his written discovery requests, such as the disciplinary records of the police officers involved in his beating, their training records, the actual recordings of police

---

[2] Plaintiff's counsel also modified the scope of the information sought in some requests based on objections raised by Springfield.

3

radio traffic generated on the evening plaintiff was beaten, and other, relevant information.[3]

12.     Defendants Jeffrey M. Asher, James F. Kervick, James L. Shewchuck, and James M. Moriarty indicated in their responses to plaintiff's written discovery requests that much of the information sought, particularly documents, were in Springfield's possession.  Plaintiff requested documents such as the training and disciplinary records of the individual defendants in his requests for production of documents to Springfield.  To date, the documents have not been produced.

13.     As a result of the failure of Springfield and Meara to respond completely to his discovery requests, plaintiff has been unable to make informed decisions on whether to amend his complaint to add new counts or new defendants.  He has also been unable to determine whether depositions other than those of the named defendants are necessary.

**A Finding of Contempt is Warranted in this Case**

14.     Springfield and Meara have inexcusably failed to comply with the letter or the spirit of this Court's orders by failing to provide complete responses to plaintiff's discovery requests.  As a result, plaintiff's ability to develop evidence in support of his claims has been unjustifiably inhibited.

15.     Federal Rules of Civil Procedure 37 provides in relevant part:

**(b)(2) Sanctions by Court in Which Action Is Pending.**

If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

---

[3] Plaintiff has nonetheless scheduled depositions of each defendant and will proceed as far as possible without the information sought in his written discovery requests.

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence . . . ;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders . . . ;

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

16.    The assessment of sanctions for discovery violations serves the important functions of punishing the offender and deterring others from committing similar violations.  See Tower Ventures, Inc. v. City of Westfield, Docket No. 02-1145 (1st Cir. July 23, 2002) citing National Hockey LeagueMetro Hockey Club, 427 U.S. 639, 642-43(1976)(sanctions appropriately used to punish party that continuously violated the court's scheduling orders and deter others from similar misconduct).

17.    Plaintiff requests this Court to treat the failure of Springfield and Meara to obey this Court's order to respond to his discovery requests as a contempt.  Plaintiff further requests the Court to issue the following orders:

a.    Meara shall forthwith completely answer plaintiff's interrogatories and provide all documents requested in his requests for production of documents;

b.    Springfield shall forthwith completely answer plaintiff's interrogatories and provide all documents requested in his requests for production of documents in accordance with the original requests or as

modified in the July 20, 2006 letter from plaintiff's counsel to counsel for defendants.

c.    For purposes of this action, it shall be established that Springfield and Meara failed to ensure that the individual police defendants were properly trained, disciplined, or supervised.

d.    For purposes of this action, Springfield and Meara shall be prevented from presenting evidence that they complied with their obligation to ensure that the individual police defendants were properly trained, disciplined, or supervised.

18.    Plaintiff also requests an order requiring defendants to pay the reasonable expenses, including attorney's fees, caused by the failure of defendants to comply with this Court's discovery orders. An award of attorney fees and costs is an appropriate sanction and would serve the interests of justice in this case because of the expense and time plaintiff has had to expend attempting to obtain discovery responses from defendants and in preparing this motion.

19.    Plaintiff also requests an order requiring all defendants to pay the attorney fees and costs contained in the schedule of fees he submitted to the Court on May 19, 2006.

## CONCLUSION

For all of the above reasons, plaintiff respectfully requests the Court to grant this motion and to award him attorney fees and costs.

DOUGLAS C. GREER

By his attorneys,

/s/ Joseph L. Edwards, Jr.
Walter B. Prince, BBO #406640
William A. Worth, BBO #544086
Joseph L. Edwards, BBO #564288
Prince, Lobel, Glovsky & Tye LLP
100 Cambridge Street
Boston, MA 02114
(617) 456-8000

## L. R. 7.1(2) Certification

I, Joseph L. Edwards J., hereby certify that on several occasions I have conferred in good-faith and communicated in writing with counsel for the City of Springfield and Paula Meara in an attempt to resolve or narrow the issues raised herein.

/s/ Joseph L. Edwards, Jr.

## CERTIFICATE OF SERVICE

I, Joseph L. Edwards, Jr., hereby certify that I have served the foregoing motion on all counsel of record by filing the same electronically via the ECF system on this 24th day of August, 2006.

/s/ Joseph L. Edwards, Jr.

**Prince, Lobel, Glovsky & Tye LLP**
Attorneys at Law

100 Cambridge Street
Suite 2200
Boston, MA 02114

(617) 456.8000 Tel
(617) 456.8100 Fax
www.plgt.com

Joseph L. Edwards, Jr., Esq.
Direct Dial: (617) 456-8131
E-mail: JEdwards@plgt.com

July 20, 2006

Edward M. Pikula, Esq.
Associate City Solicitor
City of Springfield Law Department
36 Court Street
Springfield, MA 01103

Kevin B. Coyle, Esq.
935 Main Street
Springfield, MA 01103

Michael Mulcahy, Esq.
Brooks, Sanborn & Mulcahy, LLP
1537 Main Street
Springfield, MA  01103

Re:     Douglas Greer v. City of Springfield, et al.,
         U.S. District Court, District of Massachusetts
         Case No. 05-30001-MAP

Gentlemen:

As we discussed yesterday, you have received the deposition notices for individual police officers and former Chief Meara.  As it now stands, Officer Kervick will likely be able to appear on the scheduled date and Officer Asher will definitely appear.  Former Chief Meara will be rescheduled.  Notwithstanding the Court's most recent discovery order, I have only received responses to Mr. Greer's Interrogatories and Requests for Production of Documents from the City of Springfield.  None of the individual defendants have submitted responses.  Based on your representations that responses are forthcoming, I will refrain, for the moment, from again appealing to the Court for an order compelling responses.  Please provide responses in sufficient time for me to prepare adequately for the upcoming depositions.

I believe that the responses provided by the City of Springfield are incomplete.  While there are several instances in which the City indicates that supplemental responses will be provided, there are responses that are either non-responsive or insufficient.  The remainder of this letter is dedicated to specifying the additional information to which I believe Mr. Greer is entitled.  In some instances, I have modified the request based on the City's stated objections.  In other cases, I have simply asked that the City provide the information requested and given the reasons why I think Mr. Greer is entitled to the information.

**PRINCE ▴ LOBEL ▴ GLOVSKY & TYE** LLP

RE: <u>Douglas Greer v. City of Springfield, et al.</u>
July 20, 2006
Page 2

Below, I have listed the interrogatories and document requests which I believe are incomplete or insufficient and the responses of the City to each. Following each response, I have included a "Plaintiff's Response", in bold, which indicates why I believe the response should be provided (or how the request has been modified).

On a general note, several of the City's responses include objections based on the attorney-client privilege, the work product doctrine, or the proposition that the information sought constitutes confidential personnel records. In such cases, please provide a log identifying documents that have been withheld and state whether they were not provided because the documents constitute confidential personnel records or because they fall within some recognized privilege. In addition, please further identify any such documents by stating the author and recipient (if the documents are communications) or otherwise identify the documents by type and generally describe the contents of each such document. That way, if the need arises, both parties will have a basis for arguing to the Court why the documents should or should not be produced.

For your information, I have included an executed confidentiality agreement with this letter, as requested by the City.[1]

## INTERROGATORIES

3.    Identify by name, rank, and identification number each police officer, dispatcher, supervisor, agent, or other employee of the City of Springfield who was in any way involved with the plaintiff or the incident on November 4, 2004, from plaintiff's first until his last contact with anyone from the Springfield police department on November 4, 2004, and for each individual identified:

  a.  State the date each individual was hired by the police department;
  b.  State whether the individual was dispatched or responded to the scene at One Stop Gas or the Baystate Medical Center on November 4, 2004, for any reason related to the plaintiff;
  c.  State whether the individual touched, hit, restrained or attempted to restrain, punched, kicked, or otherwise came into physical contact with plaintiff for any reason;
  d.  State what job duty each individual was performing when he or she became involved with the plaintiff;
  e.  State whether any rule, policy, or practice of the police department required each individual to write a report concerning the incident;
  f.  Identify each individual who submitted a written report of the incident; if an individual did not submit a written report, state the reason why;
  g.  Identify any individual who made an oral report of the incident;

---

[1] As you know, we also filed a request for information from the police department based on the public records law, but were told that all documents related to Mr. Greer had been forwarded to the law department. Please provide such documents whether or not they were specifically requested in Mr. Greer's Request for Production of Documents.

h.  Identify all documents which contain information requested in this interrogatory.

**ANSWER:**

The defendant objects to this request for the production of documents [sic] as it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested statements are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation. Furthermore the Plaintiff seeks information irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these or any other objections, the defendant refers to the Defendant's automatic disclosure's Exhibits A-I and Exhibit J which are responsive to this request.

**PLAINTIFF'S RESPONSE:**

**This response is insufficient. While the exhibits attached to the defendants' automatic disclosures include information about some of the officers who came into contact with plaintiff on the evening of November 4, 2004, there is no indication that these were the only officers involved. If that is the case, defendants should so state. In addition, defendant has failed to provide information requested about each officer who was involved (such as the date the officer was hired by the department), and does not indicate whether any officer hit, punched, or kicked plaintiff as requested in this interrogatory. In addition, defendant has not given a reason why each officer involved did not submit a written report. The identity of and particulars about all officers who came into contact with plaintiff and what each officer did is certainly relevant to plaintiff's allegations. In addition, the question of whether each officer followed police department procedures is relevant and may lead to the discovery of admissible evidence. Please provide a complete response to this interrogatory.**

4.    State whether any officer of the Springfield Police Department who was involved with plaintiff on November 4, 2004, has ever been charged with or been the subject of a complaint alleging excessive force, brutality, unlawful search or seizure, false arrest, assault, battery, unlawful detainment, malicious prosecution, falsifying a police report, perjury, violating the constitutional rights of a member of the public, or any [other] misfeasance or malfeasance arising from interactions with members of the public, and for each such charge or complaint:

a.  Describe the nature or subject of each charge or complaint;
b.  State the date of each charge of complaint;

PRINCE . LOBEL . GLOVSKY & TYE ᴸᴸᴾ

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 4

    c.    State the individual's name and rank and/or title at the time of the complaint;

    d.    Identify the individual or entity to whom the charge or complaint was made;

    e.    State the name, address, and telephone number of each complainant;

    f.    State the race, ethnic group, and national origin of each complainant;

    g.    State whether the Springfield Police Department or any other entity or individual conducted an investigation into each charge or complaint and if so, describe ht nature and scope of each investigation, and state the outcome of each investigation, including both the decision rendered and any disciplinary action or other consequences that followed as a result thereof;

    h.    Identify all final and draft reports, memoranda, summaries, photographs, videos, audiotapes, physical evidence, documents, and emails and other correspondence generated or gathered during the course of each investigation;

    i.    State whether either of the individuals was suspended, reprimanded or otherwise disciplined as a result of the charge or complaint; and

    j.    Identify all documents that contain information requested in this interrogatory.

**ANSWER:**

The defendant objects to this interrogatory as the question covers such an extensive time period and therefore is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested statements are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the defendant is willing to provide an I.I.U. print out of any officer directly involved with the plaintiff on November 4, 2004 dating back to 1999 and showing the number of complaints made, a description of the complaint, and the disposition of the complaint upon the execution of a confidential protective order. A proposed order is attached and is referred as Exhibit A.

**PLAINTIFF'S RESPONSE:**

**The answer to this interrogatory is insufficient.  Given the allegations in plaintiff's complaint, the entire disciplinary records of the handful of officers who came into contact with him on November 4, 2004 are certainly relevant.  Defendants have not stated a basis for unilaterally and conveniently limiting the time frame for the information to be provided.  This is particularly true in the case of an officer such as Jeffrey Asher, who was charged with and, on information and belief, disciplined for using excessive force in 1997.  Such evidence is relevant and will likely be admissible or may lead to the discovery of admissible evidence.**

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 5

**Plaintiff is entitled to receive the requested information. Please provide a complete response to this interrogatory.**

      7.      State whether all officers in the police department are required to attend training related to: (1) the means and methods of approaching an occupied, parked vehicle; (2) determining whether a member of the public is in need of medical attention; (3) determining when and whether use of force is appropriate or necessary; (4) determining how much force is appropriate or necessary in given situations (i.e. distinguishing an appropriate use of force from excessive force); (5) the appropriate means of removing an individual from a parked vehicle; (6) when the use of OC spray is appropriate or necessary; (7) constitutional limitations on searches and seizures; (8) interacting with minority members of the public (9) making arrests, detaining, restraining, or otherwise seizing criminal suspects; (10) the standards for determining whether to detain, restrain, arrest or otherwise take an individual into custody; (11) police abuse and misconduct; (12) the use of batons, nightsticks, or other weapons; or (13) state, federal and constitutional law. If your answer is yes, for any officer who was involved with plaintiff on November 4, 2004:

    a.    Identify each instructor, lecturer, or teacher who conducted the training for each officer;

    b.    State the dates each officer attended each training;

    c.    Identify all materials, manuals, guidebooks, course outlines, brochures regulations, charts, films audiotapes, or other audiovisual material or teaching aids used in each training;

    d.    State the duration of each training session or program;

    e.    State whether the City of Springfield required each officer to receive follow-up or refresher training on each subject, and if so, state whether and when the follow-up or refresher training occurred.

    e.    Identify the individual who has been responsible for providing such training each year from January 1, 1995 to the present; and

    f.    Identify all documents which contain information requested in this interrogatory.

**ANSWER:**

    The defendant objects to this request for the production of documents [sic] as it is unduly burdensome, overly broad, non properly limited as to time, and vague such that a proper answer cannot be formulated and some of the requested statements are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation. Furthermore the Plaintiff seeks information irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

RE: <u>Douglas Greer v. City of Springfield, et al.</u>
July 20, 2006
Page 6

Without waiving these or any other objections, the defendant refers to the Defendant's automatic disclosure's Exhibits A-I which are responsive to this question.

**PLAINTIFF'S RESPONSE:**

**This answer is insufficient because the automatic disclosure exhibits to which plaintiff is referred to do not respond to the interrogatory. Given the allegations in plaintiff's complaint that the officers he came into contact with on November 4, 2004, were not adequately trained, he is certainly entitled to information related to the training of that handful of officers. The type of training about which information is sought is narrowly defined. Information sought on trainers is limited in time and is also relevant to plaintiff's allegations. Please provide the information requested.**

8.    State whether any officer who was involved with plaintiff on November 4, 2004 ever used any type of weapon, including a baton, service weapon, or OC spray against a member of the public, and if so:

a.   Identify the individual who used the weapon;
b.   Identify the weapon;
c.   State the date the weapon was used;
d.   State whether the officer was required to submit a report regarding the use of the weapon and whether the officer submitted a report;
e.   State the name, address, and telephone number of the individual upon whom the weapon was used;
f.   State the race, ethnic group, and national origin of the individual upon whom the weapon was used;
e.   Describe the injuries sustained by the individual upon whom the weapon was used;
f.   State whether the use of the weapon was deemed justified; and if not, describe the consequences to the officer; and
g.   Identify all documents that contain information requested in this interrogatory.

**ANSWER:**

The defendant objects to this request for the production of documents [sic] as it is unduly burdensome, overly broad, not properly limited as to time, and vague such that a proper answer cannot be formulated and some of the requested statements are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation. Furthermore the Plaintiff seeks information irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 7

Without waiving these or any other objections, the defendant refers to the Defendant's automatic disclosure's Exhibits A-I and attached Exhibit J which are responsive to this question.

**PLAINTIFF'S RESPONSE:**

**The answer to this interrogatory is insufficient because the documents to which plaintiff is referred do not contain information responsive to each subpart of the interrogatory. However, based on defendant's objections, plaintiff is willing to narrow the scope of this interrogatory. Defendant is requested to answer that portion of the interrogatory regarding whether any officer who came into contact with plaintiff on November 4, 2004 used either of the weapons identified in the interrogatory at any time since January 1, 1995. In addition, defendant is requested to; identify the weapon used; state the race of the person against whom the weapon was used; state whether the use of the weapon was deemed justified; and if not, describe the consequences to the officer; and state the date on which the weapon was used.**

10.    Describe all investigations which were undertaken as a result of the incident of November 4, 2004 involving plaintiff, and for each such investigation:

    a.  Identify the individual or entity that conducted the investigation; State the dates(inclusive) of each investigation;

    b.  State the name, address, and telephone number of each individual who was interviewed or consulted during the investigation and describe all statements given by each individual witness;

    c.  State whether a statement or summary of each witness or individual consulted appears in a formal or informal report of *each* investigation and if your answer is no, state the reason why such a statement or summary does not appear in the report;

    d.  State the outcome of each investigation, giving both the decision rendered and any and all disciplinary actions or other consequences that followed as a result of the investigation;

    f   Identify all reports, memoranda, summaries, photographs, videos, audiotapes, physical evidence, documents, and correspondence generated or gathered during the course of each investigation; and

    g.  Identify all documents which contain information requested in this interrogatory.

**ANSWER:**

The defendant objects to this request for the production of documents [sic] as it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested statements are confidential personal records and

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 8

may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the defendant refers to the Defendant's automatic disclosure's Exhibits A, B, D, H, and I which are responsive to this question.

**PLAINTIFF'S RESPONSE:**

**The answer to this interrogatory is insufficient because it identifies only the investigation conducted by the internal affairs division of the Springfield Police Department. The question is much broader and requests information about <u>any</u> investigation undertaken by <u>any</u> party or entity relative to the beating of plaintiff on November 4, 2004. The information requested is certainly relevant and plaintiff is entitled to such information. If the internal affairs investigation was the only one undertaken, please so state. Otherwise, please provide a complete response to this interrogatory.**

11.     State the number of complaints received by the Springfield Police Department from January 1, 1990 to the present in which an officer has been charged with or been the subject of a complaint alleging excessive force, brutality, unlawful search or seizure, false arrest, assault, battery, unlawful detainment, malicious prosecution, falsifying a police report, perjury, violating the constitutional rights of a member of the public, and any other misfeasance or malfeasance arising from interactions with members of the public, and:

    a.  State the name, rank and/or title of the officer who was the subject of the charge or complaint at the time it was made;
    b.  State the date of each charge or complaint;
    c.  Describe the substance and nature of each charge or complaint;
    d.  State the name, address, and telephone number of each complaint;
    e.  State the race, ethnic group, or national origin of each complaint;
    f.  State whether the Springfield Police Department or any other entity or individual conducted an investigation into each charge or complaint and if so state the out come of each investigation, including the decision rendered;
    g.  If the charge or complaint was sustained, describe any disciplinary action or other consequences that followed as a result thereof;
    h.  Identify all reports, memoranda, summaries, photographs, videos, audiotapes, physical evidence, documents, and correspondence generated or gathered during the course of each investigation; and
    i.  Identify all documents which contain information requested in this interrogatory.

PRINCE . LOBEL . GLOVSKY & TYE

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 9

**ANSWER:**

The defendant objects to this interrogatory as the question covers such an extensive time period and therefore is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested statements are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the defendant is willing to provide an I.I.U. print out of any officer directly involved with the plaintiff on November 4, 2004 dating back to 1999 and showing the number of complaints made, a description of the complaint, and the disposition of the complaint upon the execution of a confidential protective order. A proposed order is attached and is referred as Exhibit A.

**PLAINTIFF'S RESPONSE:**

**The answer to this interrogatory is insufficient.  Given the allegations in plaintiff's complaint, the number of complaints of the type described in the interrogatory filed against Springfield police officers is certainly relevant.  Defendants have not stated a basis for unilaterally and conveniently limiting the time frame for the information it will provide. This is particularly true in the case of an officer such as Jeffrey Asher, who was charged with and, on information and belief, disciplined for using excessive force in 1997.  Based on defendant's objections, however, plaintiff will modify the time period for which information is sought to cover the periods from January 1, 1995 to the present.   Please provide a complete response to this interrogatory as modified.**

12.    State whether the City of Springfield, the Board, the police department, or individual police officers, have been defendants in any lawsuit or administrative action from January 1, 1990 to the present in which the plaintiff alleged that he or she was mistreated, abused, brutalized or subjected to excessive force, unlawful search and seizure, or other mistreatment or maltreatment by Springfield police officers and for each such lawsuit or administrative action:

a.   Identify each officer who was the subject of the claim or complaint and describe the nature and substance of the allegations against the officer;
b.   State when the claim or complaint was filed;
c.   Identify the court or administrative body and case number of each such lawsuit or administrative action;
d.   State the name, address, and telephone number of each complainant or plaintiff;
e.   State the race, ethnic group, and national origin of each complainant or plaintiff;
f.    State the disposition of each lawsuit or administrative action, whether by trial, dismissal, settlement, administrative hearing, or whether the case is

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 10

still pending; and

g.  Identify all documents which contain information requested in this
    interrogatory.

**ANSWER:**

The defendant objects to this interrogatory as the question covers such an
extensive time period and therefore is unduly burdensome, overly broad, and vague such
that a proper answer cannot be formulated and some of the requested statements are
confidential personal records and may contain privileged attorney-client statements
and/or fall within the Work Product Doctrine in anticipation of litigation. Furthermore the
Plaintiff seeks information irrelevant to the subject matter of this action, which will be
inadmissible at the trial of this action, and which is not reasonably calculated to lead to
the discovery of admissible evidence.

**PLAINTIFF'S RESPONSE:**

**The answer to this interrogatory is insufficient.  Given the
allegations in plaintiff's complaint, the number of lawsuits and
administrative actions in which the Springfield police department or any
of its officers have been involved and the outcomes of those actions is
relevant and discoverable.  Please provide a complete response to this
interrogatory.**

13.    Identify all individuals or entities to whom the Chief of Police
reports or is accountable and state:

a.  Whether the Police Chief is required to make regular formal or informal

b.  reports to such individuals or entities and identify all documents
    evidencing such a requirement;

c.  Whether the Chief of Police made a written or oral report to the individuals
    or entities about the effectiveness (or lack thereof) of training received by
    officers of the Springfield Police Department, the need for more or better
    training, or any deficiencies in training, at any time from January 1, 1990
    through the present, and if so, state the date(s) of such report(s) and
    whether any action was taken as a result of the report;

d.  Whether the Chief of Police made a written or oral report to the individuals
    or entities about the number or nature of citizen complaints at any time from
    January 1, 1990 to the present, and if so, state the date(s) of such report(s)
    and whether any action was taken as a result of the report;

e.  Whether the Chief of Police made a written or oral report(s) to the
    individual or entity about complaints or allegations that any officer(s)
    utilized excessive force or engaged in brutality, unlawful searches or
    seizures, false arrests, assaults, batteries, unlawful detainment, malicious
    prosecution, falsifying police reports, perjury, violating the constitutional

RE: <u>Douglas Greer v. City of Springfield, et al.</u>
July 20, 2006
Page 11

     rights of members of the public, or any other misfeasance or malfeasance arising from interactions with members of the public, at any time from January 1, 2990 to the present, and if so, state the date(s) of such report(and whether any action was taken as a result of the report);

e.   Whether the Chief of Police made a written or oral report to the individuals or entities about the need for more minority police officers or the effectiveness (or lack thereof) of community policing methods at any time from January 1, 1990 to the present, and if so, state the date(s) of such report(s) and whether any action was taken as a result of the report;

f.   Whether the Chief of Police made a written or oral report to the individuals or entities about plaintiff for the allegations in his complaint; and

g.   The identity of all documents that contain information requested in this interrogatory.

**ANSWER:**

     The defendant objects to this interrogatory as the question covers such an extensive time period and therefore is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested statements are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation. Furthermore the Plaintiff seeks information irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

**PLAINTIFF'S RESPONSE:**

     **The response to this interrogatory is insufficient. The Chief of Police is a defendant in this case. The actions she took, the reports she wrote about the incident involving plaintiff, and the individuals and entities to which the reports were sent are relevant and discoverable. Defendant does not have any justification for refusing to provide information directly related to the Chief's response to the events of November 4, 2004, involving plaintiff. Please provide a complete response to this interrogatory.**

     16.   If you believe that the actions of officers on November 4, 2004, regarding plaintiff were proper, identify each rule, regulation, policy, procedure, or order that you believe authorized officers to use force against the plaintiff, search his vehicle and possessions, and restrain, detain or otherwise take him into custody.

**ANSWER:** This answer shall be supplemented.

**PLAINTIFF'S RESPONSE: Please supplement this answer by providing a complete response.**

20.     State whether the Board, the police department, or any officer or agent of the police department has had any conversations or communications or has given any statements or interviews, or has issued any press releases related to plaintiff, the incident concerning plaintiff on November 4, 2004, or plaintiff's Complaint, and if so:

   a.   Identify each individual who participated in each conversation or engaged in each communication, or made and received each statement;

   b.   Describe the nature and substance of the conversation, communication, or statement;

   c.   State the date of each conversation, communication or statement;

   d.   State whether each conversation, communication or statement was transcribed, written or otherwise recorded, and if transcribed, written or recorded, identify the present custodian of each transcription, writing or recording;

   e.   Identify the individual who gave each interview and issued each press release;

   f.   State the date of each interview and press release;

   g.   If the interview or press release was published or broadcast, state the date of the publication or broadcast and identify the person or entity that published or broadcast the interview or press release; and

   h.   Identify all documents that contain information requested in this interrogatory.

**ANSWER:** This answer shall be supplemented.

**PLAINTIFF'S RESPONSE: Please supplement this answer by providing a complete response.**

21.     If you believe that One Stop Gas is located in a "drug neighborhood" or a "high crime" area, state the basis for that belief and;

   a.   Describe the geographic boundaries of the purported drug neighborhood or high crime area by stating the street boundaries and the square mileage the area encompasses.

   b.   State whether officers are instructed, trained, or ordered to act more aggressively toward members of the public when responding to calls in the area than they would act when responding to calls in other areas of Springfield because of its identification as a drug neighborhood or a high crime area;

   c.   State whether officers are instructed, trained or ordered to assume that calls to area involve drugs because of its identification as a drug neighborhood or high crime area;

   d.   State the demographic makeup of the area by identifying, by percentages, the races, ethnic groups, and national origins of the area's residents;

   e.   State the total number of citizen calls received by the Springfield Police Department from January 1, 2000 through November 4, 2004 which

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 13

required officers to respond to One Stop Gas or the surrounding area that resulted in officers engaging in altercations with a suspect of officers making an arrest for any drug related offense;

f.  State whether other areas of Springfield are identified as drug neighborhoods or high crime areas, and if your answer is yes, state the location of those areas by describing their geographic boundaries, and state the demographic makeup of those areas by identifying, by percentages, the races, ethnic groups, and national origins of the areas' residents; and

g.  Identify all documents that contain information requested in this interrogatory.

**ANSWER:** This answer shall be supplemented.

**PLAINTIFF'S RESPONSE: Please supplement this answer by providing a complete response.**

22.     State whether any study, survey, audit or review has been conducted concerning the Springfield Police Department or its officers at any time from January 1, 1990 to the present, and for each such study, survey, audit or review:

a.  State the title of the study, survey, audit or review and when and by whom it was conducted.

b.  Generally describe the scope of the study, survey, audit or review;

c.  Generally describe the results;

d.  State whether the study, survey, audit or review considered officer training, the relationship of officers to members of the public, the effectiveness of officers in dealing with members of the public who are of diverse racial, ethnic, and national backgrounds, and the overall effectiveness of the department;

e.  State whether the study, survey, audit or review considered the effectiveness of officer supervision; whether there was sufficient civilian or outside oversight of the police department, officer morale, whether the police department needed to hire more minority officers, whether an effective community policing effort was in effect or desirable, whether the chain of command was followed generally, whether there was an appropriate level of accountability of each officer to his or her supervisor, or whether the management structure of the police department was appropriate and effective; and

f.  Identify all documents that contain information requested in this interrogatory.

RE:  Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 14

**ANSWER:**

The Defendant objects to this request on the grounds that it is unduly burdensome, overly broad, not properly limited as to time, vague, and seeks information that is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally the Defendant objects to this request on the grounds that it seeks privileged, confidential, and private information and may fall within the Work Product Doctrine in anticipation of litigation.

**PLAINTIFF'S RESPONSE:**

**The response to this interrogatory is insufficient.  Given the allegations in plaintiff's complaint, it is certainly relevant whether the Springfield Police Department had systemic or organizational problems that led to his beating by Springfield police officers, particularly if such problems had been identified previously by way of a study, survey, audit or review, but not corrected by the department.  Please provide a complete response to this interrogatory.**

23.    Identify all efforts made by the City of Springfield from January 1, 1995 to the present to meet its responsibility of ensuring that all officers were properly trained and supervised.

**ANSWER:**

The Defendant objects to this request on the grounds that it is unduly burdensome, overly broad, not properly limited as to time, vague, and seeks information that is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this

action and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally the Defendant objects to this request on the grounds that it seeks privileged, confidential, and private information and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

**PLAINTIFF'S RESPONSE:**

**The answer to this interrogatory is insufficient.  Plaintiff alleges, among other things, that the City of Springfield did not fulfill its obligation to ensure that those officers who came into contact with him on November 4, 2004 were adequately trained.  Therefore, plaintiff is entitled to a proper answer to the interrogatory.  In addition, the time span for the information sought is limited to a reasonable period of time.  Please respond completely to this interrogatory.**

RE: <u>Douglas Greer v. City of Springfield, et al.</u>
July 20, 2006
Page 15

24.    State whether Paula Meara has ever been accused or charged with mismanaging the Springfield Police Department and if your answer is yes:

    a.  Identify all individuals who made such accusation or charge;
    b.  State the date and accusation or charge was made;
    c.  Describe the nature of the alleged mismanagement;
    d.  State whether any action was taken by the Board, Paula Meara, or any other individual or entity as a result of the accusations or charges; and
    e.  Identify all documents that contain information requested in this interrogatory.

**ANSWER:**

The defendant objects to this request for the production of documents [sic] as it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested statements are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

**PLAINTIFF'S RESPONSE:**

**The response to this interrogatory is insufficient.  Plaintiff is entitled to information on whether Defendant Paula Meara, the former police chief, has been accused of mismanaging the police department and the nature of the alleged mismanagement.  Plaintiff alleges, in part, that her failure to manage the department properly resulted in plaintiff being beaten by Springfield police officers because the officers were not properly trained, supervised, or disciplined for violations of police department rules and regulations.  The information sought is relevant to those allegations and may lead to the discovery of admissible evidence.  Please respond completely to this interrogatory.**

25.    State whether any officer who was involved with plaintiff on November 4, 2004, has ever admitted to, been charged with, or accused or suspected of, the abuse of any substance(s), including but not limited to, alcohol or any over the counter or illegal narcotics or drugs and:

    a.  Identify the officer;
    b.  Identify the substance(s);
    c.  State the date the officer was charged with, accused or suspected of abusing the substance;
    d.  State whether the officer was counseled, admonished, or otherwise disciplined because of substance abuse;
    e.  If the officer received treatment for substance abuse, state the dates of such treatment and state the name, address and telephone number of all individuals

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 16

or facilities from which the officer received such treatment; and

f.  Identify all documents that contain information requested in this `
    interrogatory.

**ANSWER:**

The Defendant objects to this request on the grounds that it is unduly burdensome, overly broad, not properly limited as to time, vague, and seeks information that is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally the Defendant objects to this request on the grounds that it seeks privileged, confidential, and private information and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

**PLAINTIFF'S RESPONSE:**

**The answer to this interrogatory is insufficient. The question of whether any officer who came into contact with plaintiff on November 4, 2004, has admitted to, been charged with, or accused or suspected of, the abuse of any substance(s), including but not limited to, alcohol or any over the counter or illegal narcotics or drugs is relevant to plaintiff's allegation that he was beaten on that evening and may lead to the discovery of admissible evidence. The interrogatory goes to the questions of whether certain officers who came into contact with plaintiff on November 4, 2004, should have been on the street and whether the police department had a responsibility to more closely monitor the actions of any officer known or believed to have a substance abuse problem. Further, on information and belief, at least one of the officers involved in plaintiff's beating has admitted to substance abuse. Plaintiff is entitled to explore whether substance abuse played any role in causing him to be beaten by Springfield police officers.   Please provide a complete response to this interrogatory.**

### REQUEST FOR PRODUCTION OF DOCUMENTS

1.    All documents, including written memoranda, reports, video or audio recordings, photographs, diagrams, or other documents concerning or related to the plaintiff, the incident involving plaintiff on November 4,2004, or the allegations in his Compliant, including but not limited to:

a.    All documents concerning or constituting formal investigative reports, draft reports, and investigative notes; [sic]

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 17

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A through L are responsive to this request.

b.    All reports, records, or recordings of radio calls regarding plaintiff or the incident, whether such recordings were made prior to, during, or subsequent to the time any officer of the Springfield Police Department arrived at One Stop Gas, including but not limited to, orders directing officers to respond to One Stop Gas, contemporaneous reports about occurrences at One Stop Gas, the search of plaintiffs automobile and his possessions, the decision to transport plaintiff to Baystate Medical Center, the decision to tow his car, and communications subsequent to plaintiffs arrival at Baystate Medical Center;

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibit B which is responsive to this request.

c.    All medical records or other records concerning plaintiff;

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant has no medical records in its possession. The Defendant refers to the following documents which were

PRINCE . LOBEL . GLOVSKY & TYE LLP

RE: <u>Douglas Greer v. City of Springfield, et al.</u>
July 20, 2006
Page 18

previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibit B which is responsive to this request. This response shall be supplemented if necessary.

    d.    All written or otherwise recorded statements of civilian witnesses to the incident and notes of all interviews of civilian witnesses; and

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents may fall within the Work Product Doctrine as they were prepared in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A, B, and E which are responsive to this request.

    e.    All written or otherwise recorded statements of any police officers or other persons who were witnesses to the incident or who had any contact with the plaintiff or any of the incidents described in his Complaint.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A, B, D, H, and I which are responsive to this request.

**PLAINTIFF'S RESPONSE**

**The response to this request is insufficient. The documents sought are directly related to plaintiff and the incident of November 4, 2004, in which he was beaten by Springfield police officers. The documents which have been supplied by defendant constitute some, but not all of the documents requested. For example, defendant has not provided copies of all written police reports and written statements of witnesses, though such documents exist. Including the text of those statements in the internal affairs reports does not satisfy this document request. Please provide all of the documents requested or indicate that no such documents exist.**

PRINCE . LOBEL . GLOVSKY & TYE LLP

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 19

2.      All documents, including audio and visual recordings, constituting or concerning any communications, correspondence, or statements that were engaged in or made by any member of the Board, the Chief of Police, any officer of the Springfield Police Department, or any other person, that are related in any way to the plaintiff, the incident involving plaintiff on November 4, 2004 or the allegations in his Complaint.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague 1 such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A, B, D, H, G, and I which are responsive to this request.

**PLAINTIFF'S RESPONSE:**

**The response to this request is insufficient. Documents related to conversations and statements by the Board of Police Commissioners, the Chief of Police, any officer of the Springfield police department or any other person concerning plaintiff and the occurrences of November 4, 2004 when he was beaten by police are certainly relevant to the allegations in his complaint. While the documents provided by defendant constitute some of the requested documents, there is no indication that more documents do not exist. Please indicate whether additional responsive documents exist and either (1) provide the documents, or (2) identify the documents and explain exactly why each is being withheld.**

4.      All police logs, journals, or other documents which make reference to the plaintiff the incident involving plaintiff on November 4, 2003, or the allegations in his Complaint.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

RE: <u>Douglas Greer v. City of Springfield, et al.</u>
July 20, 2006
Page 20

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request.

**PLAINTIFF'S RESPONSE**

**The response to this request is inadequate because the documents supplied by defendant and referenced in its response are not responsive. The documents to which the defendant refers only constitute statements and information gathered by the internal affairs division of the Springfield Police Department during the course of its investigation into the occurrences of November 4, 2004, involving plaintiff. Please provide copies of all police logs, journals, or other documents that refer to the plaintiff or the events of November 4, 2004, as requested.**

6.    All documents, including audio and visual recordings and transcripts, constituting or concerning any interviews given by any member of the Board, the Chief of Police, or any officer of the Springfield Police Department, or any other person, that are related in any way to the plaintiff, the incident involving the plaintiff on November 4, 2004, or the allegations in his Complaint.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A, B, and I which are responsive to this request. The Defendant has no other documentation of any interviews given by any member of the Board, the Chief of Police, or any officer of the Springfield Police department.

**PLAINTIFF'S RESPONSE**

**To the extent defendant has audio and visual recordings and transcripts constituting or concerning any interviews or other statements by the individuals identified in this request, please provide same to plaintiff as requested.**

7.    All documents constituting or concerning orders, directives, rules, regulations, policies, reports, memoranda, and guidelines issued by the City of Springfield or any of its agencies, including but not limited to the Board and the Police

RE: <u>Douglas Greer v. City of Springfield, et al.</u>
July 20, 2006
Page 21

Department for each year from January 1, 1995 through the present, which govern or
explain:

a. The use of force by an officer (no matter how slight);
b. The use of OC spray, batons, firearms, or any other weapons;
c. Probable cause for arrest;
d. Probable cause to search an individual, his automobile, and personal
effects;
e. The proper scope of any search;
f. Avoiding or preventing police abuse and misconduct;
g. The standards for determining whether to detain, restrain, arrest or
otherwise take an individual into custody; and
h. The manner in which officers should interact with members of the public,
including any considerations officers should take into account when
dealing with minority members of the public.

**RESPONSE:**

The Defendant objects to this request for the production of documents over a ten
year period as it is unduly burdensome, overly broad, and vague such that a proper
answer cannot be formulated.

Without waiving these or any other objections, the Defendant refers to the
following documents which were previously supplied to the Plaintiffs counsel as part of
automatic discovery to wit: Exhibits A, B and J, which are responsive to this request.

**PLAINTIFF'S RESPONSE**

**The response to this request is insufficient. Exhibits A and B do not
contain documents responsive to this request. Moreover, to the extent the
documents identified in defendant's response constitute all responsive
documents, please so indicate. Otherwise, please provide the documents
requested or identify the documents and indicate precisely why they have
been withheld.**

9. For any officer who was involved with plaintiff in any way on November
4, 2004, all documents concerning whether the officer was ever accused of or charged
with engaging in excessive force, brutality, unlawful search or seizure, false arrest, assault,
battery, unlawful detainment, malicious prosecution, falsifying a police report, perjury,
violating the constitutional rights of a member of the public, or any other misfeasance or
malfeasance arising out of contact with the members of the public, including:

a. The complaint form, or any other written or recorded complaint;
b. Investigative notes, interview notes, interview summaries, and final and
draft reports;
c. All documents generated or gathered by internal affairs;
d. Documents regarding the disposition of the accusation or charge;

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 22

e.    Documents related to whether the officer was exonerated, counseled, reprimanded, suspended or otherwise disciplined because of the accusations or charge; and

f.    Any correspondence, statements, other communication concerning the accusation or charge, including emails, faxes, letters memos, and recordings.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant will provide an I.I.U. print out of any officer directly involved with the Plaintiff on November 4, 2004 dating hack to 1999 and showing the number of complaints made, a description of the complaint, and the disposition of the complaint upon the execution of a confidential protective order. A proposed order is attached and is referred as Exhibit L.

**PLAINTIFF'S RESPONSE**

**The response to this request is insufficient. Given the allegations in plaintiff's complaint, the entire disciplinary records of the handful of officers who came into contact with him on November 4, 2004 are certainly relevant. Defendants have not stated a basis for unilaterally and conveniently limiting the time frame for the information to be provided. This is particularly true in the case of an officer such as Jeffrey Asher, who was charged with and, on information and belief, disciplined for using excessive force in 1997. Such evidence will likely be admissible or may lead to the discovery of admissible evidence and plaintiff is entitled to receive the requested information. Please provide documents responsive to this request.**

10.    All documents concerning any officer who was accused of or charged with engaging in excessive force, brutality, unlawful search or seizure, false arrest, assault, battery, unlawful detainment, malicious prosecution, falsifying a police report, perjury, violating the constitutional rights of a member of the public, or any other misfeasance or malfeasance arising out of contact with members of the public, at any time from January 1, 1990 through the present, including;

a.    The complaint form, or any other written or recorded complaint;

b.    Investigative notes, interview notes, interview summaries, and final and draft reports;

c.    All documents generated or gathered by internal affairs;

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 23

> d.      Documents regarding the disposition of the accusation or charge;
>
> e.      Documents related to whether the officer was exonerated, counseled, reprimanded, suspended or otherwise disciplined because of the accusation or charge; and
>
> f.      Any correspondence, statements, or other communication concerning the accusation or charge, including emails, faxes, letters, memos, and recordings.

**RESPONSE:**

See Response to Request for Production of Documents number 9. See also Exhibits A and B.

**PLAINTIFF'S RESPONSE**

**The response to this request is insufficient because it is not clear whether defendant intends to produce the requested documents. Exhibits A and B do not contain documents responsive to this request. The issue of whether officers have been charged with the violations referenced in the request is relevant to plaintiff's allegations and he is entitled to the documents requested. However, plaintiff will modify his request by requesting responsive documents for the period from January 1, 1995 to the present.**

13.    All documents concerning or comprising a record of the activities for November 4, 2004, for each officer who was involved with the plaintiff that day, including but not limited to, daily logs, arrest records, records of calls to which each officer responded, or summaries of daily activities.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation. Further more the Plaintiff seeks information which is irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request.

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 24

## PLAINTIFF'S RESPONSE

Exhibits A and B do not contain documents that are responsive to this request. Plaintiff is entitled to the information sought in this request. Please provide the documents requested.

14.    All documents concerning Defendant Jeffrey M. Asher, including but not limited to:

a.    His complete personnel record;
b.    His disciplinary file, including documents related to any counseling or formal or informal discipline he may have received for any reason;
c.    His training records;
d.    Any complaints or accusations made against him in which it was alleged that he violated the rules or regulations of the police department or engaged in any type of misconduct;
e.    All citizen complaints against him;
f.    All documents constituting or containing, records, interviews, or memoranda concerning any complaints made against him regarding his conduct as a police officer, including internal affairs reviews of his activities as a police officer;
g.    His performance evaluations;
h.    His psychiatric evaluations; and
i.    All other documents related to his fitness to be a police officer.

## RESPONSE:

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request. Non-privilege material from the Officer's personal file will be provided for inspection and copying upon the execution of a confidential protective order (See Exhibit L, proposed order).

## PLAINTIFF'S RESPONSE

Exhibits A and B do not contain documents responsive to this request. Plaintiff is entitled to the documents requested because the documents are either directly related to the allegations in his complaint (i.e. training records, disciplinary file, and history of citizen complaints) or may

RE: <u>Douglas Greer v. City of Springfield, et al.</u>
July 20, 2006
Page 25

**lead to the discovery of admissible information.  Please provide the documents requested.**

      15.      All documents concerning Defendant, James F. Kervick, including bur not limited to:

      a.      His complete personnel record;

      b.      His disciplinary file, including documents related to any counseling or formal or informal discipline he may have received for any reason;

      c.      His training records;

      d.      Any complaints or accusations made against him in which it was alleged that he violated the rules or regulations of the police department or engaged in any type of misconduct;

      e.      All citizen complaints against him;

      f.      All documents constituting or containing, records, interviews, or memoranda concerning any complaints made against him regarding his conduct as a police officer, including internal affairs reviews of his activities as a police officer;

      g.      His performance evaluations;

      h.      His psychiatric evaluations; and

      i.      All other documents related to his fitness to be a police officer.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot he formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request. Non-privilege material from the Officer's personal file will be provided for inspection and copying upon the execution of a confidential protective order (See Exhibit L, proposed order).

**PLAINTIFF'S RESPONSE**

**Exhibits A and B do not contain documents responsive to this request.  Plaintiff is entitled to the documents requested because the documents are either directly related to the allegations in his complaint (i.e. training records, disciplinary file, and history of citizen complaints) or may lead to the discovery of admissible information.  Please provide the documents requested.**

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 26

16.    All documents concerning Defendant, James L. Shewchuck, including but not limited to:

a.    His complete personnel record;

b.    His disciplinary file, including documents related to any counseling or formal or informal discipline he may have received for any reason;

c.    His training records;

d.    Any complaints or accusations made against him in which it was alleged that he violated the rules or regulations of the police department or engaged in any type of misconduct;

e.    All citizen complaints against him;

f.    All documents constituting or containing, records, interviews, or memoranda concerning any complaints made against him regarding his conduct as a police officer, including internal affairs reviews of his activities as a police officer;

g.    His performance evaluations;

h.    His psychiatric evaluations; and

i.    All other documents related to his fitness to be a police officer.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request. Non-privilege material from the Officer's personal file will be provided for inspection and copying upon the execution of a confidential protective order (See Exhibit L, proposed order).

**PLAINTIFF'S RESPONSE**

**Exhibits A and B do not contain documents responsive to this request. Plaintiff is entitled to the documents requested because the documents are either directly related to the allegations in his complaint (i.e. training records, disciplinary file, and history of citizen complaints) or may lead to the discovery of admissible information. Please provide the documents requested.**

17.    All documents concerning Defendant James M. Moriarty, including but not limited to:

RE: <u>Douglas Greer v. City of Springfield, et al.</u>
July 20, 2006
Page 27

a.    His complete personnel record;
b.    His disciplinary file, including documents related to any counseling or
      formal or informal discipline he may have received for any reason;
c.    His training records;
d.    Any complaints or accusations made against him in which it was alleged
      that he violated the rules or regulations of the police department or
      engaged in any type of misconduct;
e.    All citizen complaints against him;
f.    All documents constituting or containing, records, interviews, or
      memoranda concerning any complaints made against him regarding his
      conduct as a police officer, including internal affairs reviews of his
      activities as a police officer;
g.    His performance evaluations;
h.    His psychiatric evaluations; and
i.    All other documents related to his fitness to be a police officer.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on
the grounds that it is unduly burdensome, overly broad, and vague such that a proper
answer cannot be formulated and some of the requested documents are confidential
personal records and may contain privileged attorney-client statements and/or fall within
the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the
following documents which were previously supplied to the Plaintiffs counsel as part of
automatic discovery to wit: Exhibits A and B which are responsive to this request. Non-
privilege material from the Officer's personal file will be provided for inspection and
copying upon the execution of a confidential protective order (See Exhibit L, proposed
order).

**PLAINTIFF'S RESPONSE**

**Exhibits A and B do not contain documents responsive to this
request.  Plaintiff is entitled to the documents requested because the
documents are either directly related to the allegations in his complaint (i.e.
training records, disciplinary file, and history of citizen complaints) or may
lead to the discovery of admissible information.  Please provide the
documents requested.**

18.   All documents concerning Paula Meara, including but not limited to:

a.    Her complete personnel record;
b.    Her disciplinary file, including documents related to any counseling or
      formal or informal discipline he may have received for any reason;
c.    Her training records;

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 28

d.    Any complaints or accusations made against her in which it was alleged that she violated the rules or regulations of the police department or engaged in any type of misconduct;

e.    All citizen complaints against her;

f.    All documents constituting or containing, records, interviews, or memoranda concerning any complaints made against her regarding her conduct as a police officer, including internal affairs reviews of her activities as a police officer;

g.    Her performance evaluations;

h.    Her psychiatric evaluations; and

i.    All other documents related to her fitness to be a police officer.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request. Non-privilege material from the Officer's personal file will be provided for inspection and copying upon the execution of a confidential protective order (See Exhibit L, proposed order).

**PLAINTIFF'S RESPONSE**

**Exhibits A and B do not contain documents responsive to this request. Plaintiff is entitled to the documents requested because the documents are either directly related to the allegations in his complaint (i.e. training records, disciplinary file, and history of citizen complaints) or may lead to the discovery of admissible information. Please provide the documents requested.**

19.    All documents concerning each police officer, dispatcher, supervisor, agent, or other employee of the City of Springfield who was in any way involved with the plaintiff or the incident on November 4, 2004 or any incident or occurrence alleged in plaintiffs Complaint, including but not limited to:

a.    Their complete personnel record;

b.    Their disciplinary file, including documents related to any counseling or formal or informal discipline he may have received for any reason;

c.    Their training records;

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 29

    d.    Any complaints or accusations made against them in which it was alleged that they violated the rules or regulations of the police department or engaged in any type of misconduct;

    e.    All documents constituting or containing, records, interviews, or memoranda concerning any complaints made against them regarding their conduct as a police officer, including internal affairs reviews of their activities as a employees;

    f.    Their performance evaluations; and

    g.    Their psychiatric evaluations.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation. Furthermore the Plaintiff seeks information irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request.

**PLAINTIFF'S RESPONSE**

**Exhibits A and B do not contain documents responsive to this request. Plaintiff is entitled to the documents requested because the documents are either directly related to the allegations in his complaint (i.e. training records, disciplinary file, and history of citizen complaints) or may lead to the discovery of admissible information. Please provide the documents requested.**

20.    All documents constituting or containing records or reports concerning citizen complaints against any officer of the Springfield Police Department for the period of January 1, 1995 through the present, including but not limited to any written or recorded complaint, documents related to any investigation of the complaint, and documents concerning the disposition of the complaint.

**RESPONSE:**

The Defendant objects to this request for the production of documents over a period of more than ten years is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 30

fall within the Work Product Doctrine in anticipation of litigation. Furthermore the Plaintiff seeks information irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request.

**PLAINTIFF'S RESPONSE**

**Exhibits A and B do not contain documents responsive to this request. Plaintiff is entitled to the documents requested because they may lead to the discovery of admissible evidence related to the manner in which the police department processes citizen complaints and the effectiveness of measures taken by the department to minimize or eliminate such complaints. Please provide the documents requested.**

21.    All documents constituting or containing a review of the police department and its policies and procedures, the effectiveness of its disciplinary measures, the effectiveness of it supervision of officers, its relationship to the minority public, its need for more minority officers, the quality of officer training, and the effectiveness of any community Policing initiatives.

**RESPONSE:**

The Defendant objects to this request for the production of documents over a period of more than ten years is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation. Furthermore the Plaintiff seeks information irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A-I and Exhibit J which are responsive to this request.

**PLAINTIFF'S RESPONSE**

**The documents cited in defendant's response do not contain documents constituting or related to any review of the police department and its policies and procedures, the effectiveness of its disciplinary measures, the effectiveness of its supervision of officers, its relationship to the minority public, its need for more minority officers, the quality of**

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 31

**officer training, or the effectiveness of any community policing initiatives. All of the requested documents are either relevant to the allegations in the plaintiff's complaint or could lead to the discovery of admissible evidence. Please provide the requested documents.**

24.    All reports from the Chief of Police to the Board, or to any other individual or entity concerning the status of the police department for each year from January 1, 1995 to the present.

**RESPONSE:**

The Defendant objects to this request for the production of documents over a period of more than ten years is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are privileged attorney-client statements and fall within the Work Product Doctrine as they were prepared in anticipation of litigation.  Furthermore the Plaintiff seeks information irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request.

**PLAINTIFF'S RESPONSE**

**Exhibits A and B do not contain documents responsive to this request.  Plaintiff is entitled to reports from the police chief regarding the status of the police force because such documents may be relevant to allegations in plaintiff's complaints or may lead to the discovery of admissible evidence.  Please provide the documents requested.**

25.    All reports from the Board to any other individual or entity concerning the status of the police department for each year from January 1, 1995 to the present.

**RESPONSE:**

The Defendant objects to this request for the production of documents over a period of more than ten years is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation. Furthermore the Plaintiff seeks information irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 32

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request.

**PLAINTIFF'S RESPONSE**

**Exhibits A and B do not contain documents responsive to this request. Plaintiff is entitled to reports from the Board regarding the status of the police force because such documents may be relevant to allegations in plaintiff's complaints or may lead to the discovery of admissible evidence. Please provide the documents requested.**

27.     All documents concerning officers who were involuntarily separated from the police force from January 1, 1990 to the present, including but not limited to, documents which indicate the reason for the separation and the race, ethnic group, and national origin of each officer.

**RESPONSE:**

The Defendant objects to this request for the production of documents over a period of more than ten years is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation Furthermore the Plaintiff seeks information irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request. This answer shall be seasonably supplemented if necessary.

**PLAINTIFF'S RESPONSE**

**Exhibits A and B do not contain documents responsive to this request. Plaintiff is entitled to the information requested because such documents may be relevant to allegations in plaintiff's complaints or may lead to the discovery of admissible evidence. However, plaintiff will modify this request by requesting information covering the period from January 1, 2000 to the present. Please provide the documents requested in this request, as modified.**

31.     All documents concerning any lawsuit or administrative action in which the City of Springfield, the Board, the police department, or individual police officers,

have been defendants from January 1, 1990 to the present, in which the complainant or plaintiff alleged that he or she was mistreated, abused, brutalized or subjected to excessive force, unlawful search and seizure, or other mistreatment or maltreatment by Springfield police officers.

**RESPONSE:**

The Defendant objects to this request for the production of documents over a period of more than ten years is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation. Furthermore the Plaintiff seeks information irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A, B and N which are responsive to this request.

**PLAINTIFF'S RESPONSE**

**Exhibits A, B, and N do not contain documents responsive to this request. Plaintiff is entitled to the information requested. Such documents may be relevant to allegations in plaintiff's complaints or may lead to the discovery of admissible evidence, particularly if the documents evidence a pattern of Springfield police officers mistreating members of the public, without penalty. Please provide the documents requested.**

33.    All studies, surveys, audits, or reviews of the police department from January 1, 1990 to the present.

**RESPONSE:**

The Defendant objects to this request for the production of documents over a period of more than ten years is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation. Furthermore the Plaintiff seeks information irrelevant to the subject matter of this action, which will be inadmissible at the trial of this action, and which is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A, B and O which are responsive to this request.

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 34

**PLAINTIFF'S RESPONSE**

**Exhibits A, B, and O do not contain documents responsive to this request. Plaintiff is entitled to the information requested. Such documents may be relevant to allegations in plaintiff's complaints or may lead to the discovery of admissible evidence, particularly if Springfield was on notice of problems with the manner in which officers were trained, supervised, disciplined, or deficiently dealt with members of the public. Please provide the documents requested.**

36.    All documents evidencing or concerning all discipline Paula Meara issued or authorized against any officer for any reason during her tenure a Chief of Police.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request.

**PLAINTIFF'S RESPONSE**

**Exhibits A and B do not contain documents responsive to this request. Plaintiff is entitled to the information requested. Such documents may be relevant to allegations in plaintiff's complaints or may lead to the discovery of admissible evidence, particularly if the documents show that former Chief Meara routinely failed to administer prompt or appropriate discipline for violations of departmental rules and regulations. Please provide the documents requested.**

37.    All documents related to the allegation that Paula Mara mismanaged the Springfield Police Department.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

PRINCE . LOBEL . GLOVSKY & TYE LLP

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 35

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: Exhibits A and B which are responsive to this request.

**PLAINTIFF'S RESPONSE**

**Exhibits A and B do not contain documents responsive to this request. Plaintiff is entitled to the information requested because such documents may be relevant to allegations in plaintiff's complaints that the Springfield police department and former Chief Meara failed to manage the police department in a manner that ensured that citizens in plaintiff's position would not be beaten while suffering from a medical condition, that such infractions of police department rules were swiftly and adequately addressed, and that officers were adequately trained and supervised.**

38.    All documents related to the reason Paula Meara is no longer the Chief of Police.

**RESPONSE:**

The Defendant objects to this request for the production of documents as written on the grounds that it is unduly burdensome, overly broad, and vague such that a proper answer cannot be formulated and some of the requested documents are confidential personal records and may contain privileged attorney-client statements and/or fall within the Work Product Doctrine in anticipation of litigation.

Without waiving these or any other objections, the Defendant refers to the following documents which were previously supplied to the Plaintiffs counsel as part of automatic discovery to wit: the Defendant is willing to provide Paula Meara's retirement records upon the execution of a confidential protective order. A proposed order is attached and is referred as Exhibit L.

**PLAINTIFF'S RESPONSE:  Please provide documents responsive to this request.**

39.    All documents responsive to the Plaintiffs First Set of Interrogatories to Defendant, City of Springfield Nos. 3(h), 46), 5(h), 7(g), 8(i), 9 0 , 10(g), 1 l(i), 12(g), 13(g), 14(d), 16, 17(b), 19(a-c), 20(h), 21(g), 22(f), We) [sic], and25(f), not produced in response to previous requests.

**PLAINTIFF'S RESPONSE:  Defendant did not respond to this request.  Please provide the documents requested.**

🐷 PRINCE · LOBEL · GLOVSKY & TYE ⚌

RE: Douglas Greer v. City of Springfield, et al.
July 20, 2006
Page 36

Very truly yours,

*Joseph L. Edwards Jr.*

Joseph L. Edwards, Jr.

JLE/dpc
Enclosure

cc:    Walter B. Prince, Esq. (w/out enclosures)
       William A. Worth, Esq. (w/out enclosures)
       Mr. Douglas Greer (w/out enclosures)

# United States District Court
# District of Massachusetts

**DOUGLAS C. GREER,**

PLAINTIFF,

v.

**CITY OF SPRINGFIELD, JEFFREY M. ASHER, JAMES F KERVICK, JAMES L. SHEWCHUCK, JAMES M. MORIARTY, JOHN DOES Nos. 1-4, JOHN DOE, No. 5, and PAULA MEARA, CHIEF OF POLICE,**

DEFENDANTS.

**CIVIL ACTION NO. 05-30001-MAP**

---

## STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

---

WHEREAS, proceedings in the above—entitled action necessarily involve the production of confidential information, financial and/or personal records and may involve legally privileged records, it is hereby stipulated and agreed that the following order may enter:

IT IS HEREBY ORDERED THAT:

1.    (a)    This Stipulation and Order shall govern all documents, testimony and other information, including all copies, excerpts, and summaries thereof (collectively "Material") produced, given or filed during discovery and other proceedings in this action.

    (b)    The provisions of this Stipulation and Order shall apply to:

        (i)    the Parties to this action, and

        (ii)    any other person producing or disclosing Material in this action who agrees to be bound by the terms of this Stipulation and Order. As used herein, "Person" includes the named Parties and others who have agreed, or who agree with the consent of the Parties, to be bound by this

52169

Stipulation and Order. "Parties" is limited to the named parties in this action.

2.    Any party may designate as "Confidential" any Material which it produces when such Person in good faith believes such material contains sensitive personal, commercial, or financial information of the Person producing it their agents or employees and the Material so designated will also render "Confidential" any copies, excerpts, summaries or other disclosure of the substance or contents of such Material.

3.    Such confidential Material shall be subject to the following restrictions:

    (a)    Confidential Material shall be used by the non-producing Party only for the purpose of preparing for and conducting this action (including appeals), and not for any other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those specified in sub—paragraph (b) below to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph.

    (b)    Confidential Material shall be disclosed by the non-producing party, for the purposes set forth in sub-paragraph (a) above, only to:

        (i)    the named parties to this action, counsel of record and other

        (ii)    designated counsel for the Parties in this action, and attorneys, clerical, paralegal and other staff employed by such counsel who are assisting in the conduct of this action and for no other purposes;

        (iii)    the Court (in the manner provided by paragraphs 3(d) and 6(d) hereof) and court personnel;

        (iv)    designated consultants or experts retained by a Party solely for this action, provided that each such consultant or expert agrees in writing to be bound by the terms and conditions of this Stipulation and Order (including, without limiting the generality of the foregoing, paragraph 5 hereof), agrees to consent to the jurisdiction of this Court for purposes of

enforcement of the terms of this Stipulation and Order, and agrees not to disclose or use such material or information for purposes other than this action;

(v)     any other Person as to whom the producing Person consents in writing;

(vi)    witnesses at depositions and at trial; and

(vii)   court reporters employed in connection with this action.

(c)     Before a party discloses the material to any person listed in this paragraph, the provisions of paragraph 5, if applicable, shall be complied with.

(d)     After the parties designate their exhibits for trial pursuant to the court's pretrial order, each party must identify exhibits from the exhibit lists and move in limine for appropriate protection of documents with copies of the documents to be filed under seal. All materials not the subject of such a motion are presumed to be appropriate for disclosure. If confidential materials not previously identified for introduction as exhibits are to be disclosed at trial or in any other court proceeding, paragraph 3(e) controls.

(e)     The disclosure of any Confidential Material at trial or in any other Court proceeding herein shall be made in camera and shall not affect the designation of such Material as Confidential, unless the Court orders to the contrary. In addition, any documents that are exhibited or read to the jury shall be covered by this Stipulation to the extent the Court directs. Nothing in this paragraph 3(e) shall in any way constitute a waiver of any party's right to jury trial or limit the right of any party to use such Confidential Material as evidence at a jury trial.

4.   (a)   Each person given access to Confidential Material pursuant to the terms hereof (other than counsel of record and their employees, contractors and agents) shall be advised that:

(i).    the Confidential Material is being disclosed pursuant to and subject to the terms of this Stipulation and Order and may not be disclosed other than

pursuant to the terms hereof, and

(ii)    that the violation of the terms of the Stipulation and Order (by use of the Confidential Material for business purposes or in another impermissible manner) may constitute contempt of a court order. Before any Person is given access to Confidential Material by the non—producing Party, the proposed recipient must sign and file with the Court and counsel a form containing

(A)    a recital that the signatory has read and understands this Stipulation and Order;

(B)    a recital that the signatory agrees to be bound by the provisions of this Stipulation and Order; and

(C)    a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

(b)    As to experts who are not designated to testify at trial, the form filed with the Court and sent to counsel shall not disclose the name of the expert. If the expert subsequently is disclosed, a new form including the expert's name and signature shall be filed within twenty (20) days.

5.    Confidential Material shall be designated as follows:

(a)    In the case of documents, designation shall be made by placing the following legend on each page of any such document prior to production: "CONFIDENTIAL".

(b)    In the case of interrogatory answers, designation shall be made by placing the following legend immediately after each such answer: "CONFIDENTIAL".

(c)    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel within five (5) business days after the receipt of the

transcript.

(d)    All briefs, pleadings, or other filings with the court which disclose Confidential Material shall be appropriately labeled on the cover page and filed under seal.

6.    (a)    No Party concedes that any Material designated by any other Person as Confidential Material does in fact contain or reflect trade secrets, proprietary or confidential information, or has been properly designated as Confidential Material. Any Party may at any time, on reasonable notice, move for:

(i)    modification of the Stipulation and Order, or

(ii)    relief from the provisions of this Stipulation and Order with respect to specific material, including the use of Confidential Material as exhibits at depositions. In addition, the Parties may agree to necessary modifications of this Stipulation and Order.

(b)    A Party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a Party challenges such designation, it shall send or give notice to the designating Person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging Party may, on reasonable notice, apply for appropriate ruling(s) from the Court. The Material in issue shall continue to be treated as Confidential material until the Court orders otherwise.

7.    This Stipulation and Order, insofar as it restricts the communication and use of Confidential material shall continue to be binding throughout and after the conclusion of this action, including any appeals. At the conclusion of this action, all documents, material or other information designated as "Confidential", all copies thereof and (except as provided herein with respect to documents reflecting attorney work— product) all documents reflecting sanitization shall be promptly returned to the producing Party by the

52169

non-producing Party or Person. To the extent that documents reflecting attorney work—product contain information designated "Confidential" the non— producing Party may, in lieu of returning such documents to the producing Person, destroy same and certify in writing to the producing Person that such documents have been destroyed. All briefs, pleadings, or other filings with the Court which incorporate or disclose Confidential Material may remain in the possession of the Parties' counsel and need not be destroyed, but shall remain subject to the terms and conditions of this Stipulation and Order.

8.      It is the present intention of the Parties that the provision of this Stipulation and Order shall govern discovery in this action. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Stipulation and Order by application to the Court on notice to the other Parties hereto for good cause. Moreover, the procedure or disclosure pursuant to the terms of this Stipulation and Order of some Material deemed confidential by a Person shall not waive or prejudice the right of that Person to object to the production or disclosure of other documents or information in this action or any other action.

9.      If another court or an administrative agency subpoenas, requests, or orders production of stamped confidential documents which a Party has obtained under the L terms of this order, such Party shall promptly notify the Party who designated the document as confidential of the pendency of such subpoena, request or order. Such notice must be given a sufficient time in advance of the time set for production of the stamped confidential documents to afford the Party which designated the document(s) as confidential reasonable time to oppose their disclosure.

10.     Stamped confidential documents need not be filed with the Clerk except when required in connection with motions under Fed. R. Civ. p. 12 or 56 or other matters pending before the court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as stamped confidential documents.

52169

11.    If a document contains information so sensitive that it should not be copied by anyone, it shall bear the additional legend "Copying Prohibited."

12.    Application for relief from this restriction against copying may be made to the court, with notice to counsel so designating the document.

**IT IS SO STIPULATED AND AGREED.**

Dated at Springfield, Massachusetts this     day of        , 2006.


**THE PLAINTIFF**                                   **THE DEFENDANT**
**DOUGLAS GREER**                                   **CITY OF SPRINGFIELD**
By His Attorney                                     By Its Attorney


_Joseph L. Edwards Jr._

Walter B. Prince, Esq. BBO #406646                  Michael E. Mulcahy, Esq.
William A. Worth, Esq. BBO #544086                  BBO # 561824
Joseph L. Edwards, Esq. BBO #564288                 City of Springfield Law Department
Prince, Lobel, Glovsky & Tye LLP                    36 Court Street, Room 210
585 Commercial Street                               Springfield, MA 01103
Boston, MA 02109                                    Telephone  413-787-6085
(617) 456-8000                                      Telefax     413-787-61273


**ORDER**


Good cause having been shown, IT IS SO ORDERED this
           Day of                , 2006


_____
                    U.S.D.J.


52169