UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
DOUGLAS C. GREER,                              )
        Plaintiff,                                      )
                                                        )
v.                                              )    Docket No. 05-30001-MAP
                                                        )
CITY OF SPRINGFIELD, JEFFREY M.                 )
ASHER, JAMES F. KERVICK, JAMES L.               )
SHEWCHUCK, JAMES M. MORIARTY,                   )
JOHN DOES Nos. 1-4, JOHN DOE                    )
No. 5, and PAULA MEARA, CHIEF OF                )
POLICE,                                         )
        Defendants.                                    )
_____)

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO BIFURCATE**

Plaintiff Douglas G. Greer hereby opposes the motion to bifurcate filed by Defendants City of Springfield and Paula Meara (the "municipal defendants") and Defendants Jeffrey M. Asher, James F. Kervick, James L. Shewchuck, and James M. Moriarty (the "individual defendants"). All defendants have jointly asked the Court to bifurcate the claims against the municipal defendants from those against the individual defendants. Specifically, defendants are asking the Court to postpone discovery on claims related to allegations against the municipal defendants until after a trial on the merits of the claims against the individual defendants. The motion should be denied because it is nothing more than defendants' thinly disguised attempt to circumvent the clear orders of this Court, further delay this case, and inflict additional, unnecessary costs on plaintiff. In support of this opposition, plaintiff states:

1. On January 7, 2005, plaintiff filed a complaint against the above-identified defendants and several John Does arising from an unprovoked beating he received from Springfield police officers on the evening of November 4, 2004.[1]

2. At the beginning of this litigation, defendants requested the Court to bifurcate discovery and the trial of this case. The Court denied that request and set a discovery schedule.

3. Notwithstanding the discovery order, defendants steadfastly and defiantly refused to comply with their obligations to participate fully in discovery and obey the orders of this Court. Rather than provide responses to plaintiff's written discovery requests, defendants ignored the requests. As a result, on April 24, 2006, plaintiff filed a Motion to Compel against all defendants. That motion was granted and the Court ordered defendants to respond to all outstanding discovery requests by a date certain. On August 24, 2006, plaintiff filed a Motion for a Finding of Contempt against Springfield and Meara because of their continued refusal to provide complete responses to his discovery requests, in violation of the Court's orders.[2] At the time, Springfield had not completely responded to plaintiff's discovery requests, while Meara had not responded at all.

4. In an attempt to comply with this Court's order regarding the completion of the depositions of non-expert witnesses, plaintiff's counsel scheduled the depositions of the individual defendants and Meara, to take place during the latter part of August and

---

[1] As a preliminary matter, defendants apparently purport to present a statement of "facts" in its memorandum in support of the present motion ("Def. memo") that is not indicative of the allegations in plaintiff's complaint. Rather, it is the defendant's recitation of the facts in the light most favorable to themselves. The Court should rely on the allegations in plaintiff's complaint to the extent it needs background information on this case.

[2] The individual defendants had provided responses by this time.

2

early to mid September.  Counsel was unable to prepare completely for the depositions because he lacked the outstanding discovery from Springfield and Meara.[3]

5.     During the first week of September, 2006 (subsequent to the filing of the Motion for a Finding of Contempt), on the morning one of the individual defendants was to be deposed, the municipal defendants provided plaintiff with some of the documents he requested.  Meara's responses to written discovery were provided on the morning of her deposition.

6.     Since the date the motion for contempt was filed, Springfield has provided approximately 2, 000 pages of documents that are responsive to plaintiff's discovery requests.

7.     The City's cavalier approach to this litigation and its obligations to participate in discovery and comply with this Court's orders, have placed plaintiff at an unnecessary and inexcusable disadvantage.  Rather than having the amount of time contemplated by the Court to review documents and prepare for depositions, plaintiff's counsel has been forced to hastily review documents that should have been produced long ago.  Moreover, counsel for plaintiff has found it necessary to suspend, rather than complete, the depositions of defendants because of the City's failure to provide him with documents and information he requested that are indisputably related to the remaining defendants.

8.     Now, at the 11th hour, defendants seek bifurcation of discovery in part, because of a purported desire to promote judicial economy.  Given defendants' approach to this litigation to date, it is evident that they have no interest in judicial economy.  Their

---

[3] In response to plaintiff's discovery requests, the individual defendants indicated that much of the information sought was in Springfield's possession.

3

motion is but another attempt to avoid producing to plaintiff information and documents the Court ordered them to produce, and to further delay this litigation.

9. The tenor of defendants' motion to bifurcate suggests that there is a considerable amount of evidence it has not yet produce to plaintiff, in blatant disregard of this Court's orders. See Def. mot., p. 3. (Contrary to defendants' assertion, there has been no request for a protective order in this case. See Def. mot. at pp. 5-6). In fact, rather than seek a protective order, defendants simply ignored its obligations to engage in discovery, to the detriment of the plaintiff, and in blatant disregard of this Court's orders.

10. The question of whether to bifurcate is within the sound discretion of the Court, and the decision must be made on a case by case basis. Hewlett-Packard Co. v. Genrad, Inc., 882 F.Supp. 1141, 1158 (D. Mass. 1995). Bifurcation is generally the exception rather than the rule. Id. Defendants argue that bifurcation is necessary because "the claim against the City will tend to complicate and confuse the issues raised against the Defendant officers, thereby prejudicing them." Def. memo, p. 4. They also argue that evidence against the individual officers might prejudice the City. Id., p. 5. This argument is speculative and clearly inapplicable during discovery. Moreover, the question of whether discovery should be bifurcated is moot, because the Court has already issued its discovery orders.

11. It is premature to consider bifurcating the claims in this case for trial. Plaintiff does not know what the evidence is that the City claims might be confusing to jurors because of the defendants' continued failure to produce it, as ordered by the Court. Also, bifurcation is unnecessary. The facts and issues presented in this case are not particularly complicated. However, even if they were, a jury is capable of deciphering

"two complex issues simultaneously." Hewlett-Packard Co. v. Genrad, Inc., 882 F.Supp. at 1158.

12. The plaintiff will be extremely prejudiced if the Motion to Bifurcate is granted. Putting off discovery in anticipation of two trials would be extremely costly. If bifurcation is ordered, defendants will have succeeded in defying this Court's orders, prolonging this litigation unnecessarily, and denying plaintiff access to information and documents relevant to his claims. Denying defendants' motion will avoid unnecessary costs and delay. See Fed. R. Civ. P. 42(a) (consolidation of claims). On the other hand, bifurcation will not be conducive to "expedition and economy." Fed. R. Civ. P. 42(b).

WHEREFORE, plaintiff respectfully requests the Court to deny defendants' Motion to Bifurcate.

DOUGLAS C. GREER

By his attorneys,

/s/ Joseph L. Edwards, Jr._____
Walter B. Prince, BBO #406640
William A. Worth, BBO #544086
Joseph L. Edwards, BBO #564288
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

**CERTIFICATE OF SERVICE**

I, Joseph L. Edwards J., hereby certify that I served a copy of the foregoing opposition on all counsel of record by filing the same via the ECF system, this 15th day of September, 2006.

/s/ Joseph L. Edwards, Jr.